**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 6, 2011

No. 10-10553

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

SAADIQ IBN SHABAZZ, also known as Damion Ray Johnson,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas

Before KING, STEWART, and OWEN, Circuit Judges.

KING, Circuit Judge:

Defendant-Appellant Saadiq Ibn Shabazz challenges a sentence of 12 months' imprisonment for violating the conditions of his supervised release. Shabazz had previously served 24 months in prison for violating the conditions of a prior term of supervised release for the same offense. He argues that he could not be sentenced to any additional revocation imprisonment because 18 U.S.C. § 3583(e)(3) caps the aggregate amount of revocation imprisonment for his offense at two years' imprisonment. We hold that § 3583(e)(3) does not require aggregation of imprisonment imposed upon revocation of supervised release and affirm the district court's revocation sentence.

No. 10-10553

## I. FACTUAL & PROCEDURAL BACKGROUND

On May 11, 2005, Saadiq Ibn Shabazz pleaded guilty to one count of conspiracy to utter and possess counterfeit securities, which is a Class D felony. *See* 18 U.S.C. §§ 371, 3559(a)(4). Shabazz was sentenced to 21 months' imprisonment and two years' supervised release. Shabazz violated the conditions of his first term of supervised release and it was revoked by the district court. The district court sentenced Shabazz to 24 months' imprisonment and one year's supervised release as a revocation sentence.

Shabazz violated the conditions of his second term of supervised release, and it was again revoked by the district court. At the revocation hearing, Shabazz argued that he could not be sentenced to any additional revocation imprisonment, because 18 U.S.C. § 3583(e)(3) capped the aggregate amount of revocation imprisonment at two years for a Class D felony. The district court rejected this argument and sentenced Shabazz to 24 months' imprisonment and no supervised release as a revocation sentence. Shabazz timely appealed.

## II. STANDARD OF REVIEW

We review *de novo* whether Shabazz received a sentence in excess of the statutory maximum. *See United States v. Vera*, 542 F.3d 457, 459 (5th Cir. 2008) (quoting *United States v. Sais*, 227 F.3d 244, 246 (5th Cir. 2000)).

## III. ANALYSIS

### A. Interpretation of § 3583(e)(3)

Under § 3583, a sentencing court may impose a term of supervised release following the defendant's imprisonment as part of the sentence. 18 U.S.C. § 3583(a). If a district court later finds by a preponderance of the evidence that a defendant has violated a condition of supervised release, that court may

> revoke a term of supervised release, and require the defendant to
> serve in prison all or part of the term of supervised release
> authorized by statute for the offense that resulted in such term of
> supervised release without credit for time previously served on

2

postrelease supervision . . . except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case . . . .

§ 3583(e)(3). In addition to revoking the defendant's supervised release and imprisoning the defendant, the district court

may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

§ 3583(h).

According to Shabazz, the word "any" in the phrase "on any such revocation" refers to all revocations of supervised release, and thus imposes an aggregate cap on the amount of revocation imprisonment a defendant can receive. We disagree and conclude that this language limits only the amount of revocation imprisonment the revoking court may impose each time it revokes a defendant's supervised release.[1]

When interpreting a statute, we are bound to "follow the plain and unambiguous meaning of the statutory language." *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004) (citation and internal quotation marks omitted).

---

[1] In *United States v. Hampton*, No. 10-10035 (5th Cir. Jan. 6, 2011), we decided a similar issue: whether the language at the beginning of § 3583(e)(3) allowing the district court to sentence a defendant to "all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release" caps the aggregate amount of revocation imprisonment at the amount of supervised release authorized for the offense by § 3583(b). We concluded, as we do here, that § 3583(e)(3) does not impose any limit on the aggregate amount of revocation imprisonment. *Id.*, slip op. at 6. We did not address the issue posed in this case in *Hampton* because the defendant in *Hampton* conceded that the language at the end of § 3583(e)(3) did not act as an aggregate limit on the amount of revocation imprisonment. *See id.* at 5–6.

No. 10-10553

Terms not defined in the statute itself should be given their "ordinary and natural meaning" and should be interpreted according to the "overall policies and objectives of the statute."   *Id.* (citation and internal quotation marks omitted).

Shabazz argues that her reading of the phrase "on any such revocation" is proper because the word "any" may mean "all" when "any" refers to a quantity. *See, e.g.,* MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY, 53 (10th ed. 2002).  In its statutory context, however, the word "any" plainly does not refer to the quantity of revocation imprisonment, but rather refers to the act of revoking supervised release.  The inclusion of the word "such" after "any" demonstrates that the language at the end of § 3583(e)(3) refers to an individual revocation. Therefore, the ordinary meaning of the phrase "on any such revocation" at the end of § 3583(e)(3) refers to each discrete revocation of supervised release, not to the aggregate amount of the defendant's revocation imprisonment.

Nevertheless, Shabazz argues that this court's prior opinion in *Vera* requires us to read the phrase "on any such revocation" at the end of § 3583(e)(3) as a reference to all prior terms of revocation imprisonment.  *Vera* held that "under § 3583(h) the maximum allowable supervised release following multiple revocations must be reduced by the aggregate length of any terms of imprisonment that have been imposed upon revocation."   542 F.3d at 462 (internal citation and quotation marks omitted).  The *Vera* court interpreted the word "any" in the phrase "less any term of imprisonment that was imposed upon revocation of supervised release" in § 3583(h) as referring to all terms of imprisonment imposed upon revocation of supervised release. *Id.* at 460–61.  In doing so, however, the *Vera* court explicitly distinguished the phrase "less any term of imprisonment" in § 3583(h) from the phrase "on any such revocation" at the end of § 3583(e)(3).  *Id.* at 462 n.2.  This distinction between the phrases is intuitive because the phrase "less any term of imprisonment" involves a

quantity—time served in prison—whereas the phrase "on any such revocation" refers to an action by the district court.  Therefore, we conclude that *Vera*'s interpretation of the phrase "any term of imprisonment" in § 3583(h) buttresses our interpretation of the "on any such revocation" language at the end of § 3583(e)(3).

The amendment history of § 3583(e)(3) also supports our reading of the phrase "on any such revocation."  Prior to 2003, § 3583(e)(3) stated that a defendant "may not be required to serve more than" an enumerated number of years in prison based on the class of the underlying offense.  18 U.S.C. § 3583(e)(3) (2000).  We interpreted this language as imposing an aggregate cap on the amount of revocation imprisonment, noting that all other circuits to have considered the issue, at that time, concurred.  *United States v. Jackson*, 329 F.3d 406, 407 (5th Cir. 2003).[2]

Congress amended the statute in 2003, so that § 3583(e)(3) now provides that a defendant "may not be required to serve *on any such revocation* more than" the relevant term of imprisonment for the underlying felony.  PROTECT Act, Pub. L. No. 108-21, § 101(1), 117 Stat. 650, 651 (2003) (amendment italicized).  The PROTECT Act made no other changes to § 3583(e)(3).  Shabazz would have us read the addition of this language as purely decorative.  If Congress had intended for courts to continue reading the language at the end of § 3583(e)(3) as an aggregate limit on revocation imprisonment it would have left this portion of § 3583(e)(3) unaltered.  *Cf. Goodyear Atomic Corp. v. Miller*, 486 U.S. 174, 184–85 (1988) ("We generally presume that Congress is knowledgeable

---

[2] Our conclusion today that the phrase "on any such revocation" does not cap the aggregate amount of revocation imprisonment is, likewise, in tune with all other circuits to have considered the issue.  *See United States v. Epstein*, 620 F.3d 76, 80 (2d Cir. 2010) (per curiam); *United States v. Knight*, 580 F.3d 933, 937–38 (9th Cir. 2009); *United States v. Lewis*, 519 F.3d 822, 825 (8th Cir. 2008); *United States v. Williams*, 425 F.3d 987, 989 (11th Cir. 2005) (per curiam); *United States v. Tapia-Escalera*, 356 F.3d 181, 188 (1st Cir. 2004).

No. 10-10553

about existing law pertinent to the legislation it enacts."). Therefore, we reject Shabazz's reading of § 3583(e)(3) as contrary to the amendment history of that subsection.[3]

## B. Shabazz's Sentence

Turning to Shabazz's revocation sentence, we conclude that the district court's revocation sentence of 24 months' imprisonment was proper. Shabazz committed a Class D felony. Section 3583(e)(3) authorizes the district court to impose up to two years' revocation imprisonment for violating the conditions of supervised release for such a felony.

## IV. CONCLUSION

For the foregoing reasons, the judgment of the district court revoking Shabazz's supervised release and sentencing him to 24 months' imprisonment is AFFIRMED.

---

[3] Shabazz also argues that our reading of § 3583(e)(3) unconstitutionally allows a revoking court to punish a defendant with additional imprisonment for violating the conditions of supervised release without the benefit of a trial and that our reading is contrary to the rule of lenity. We addressed and rejected these precise arguments in *Hampton*, slip op. at 11–13. Therefore, we do not address them here.