**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 9, 2011

No. 10-10035

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

STEPHANIE HAMPTON,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas

Before KING, STEWART, and OWEN, Circuit Judges.

KING, Circuit Judge:

The opinion issued on January 6, 2011, *United States v. Hampton*, No. 10-10035, 2011 WL 31789 (5th Cir. 2011), is withdrawn and the following is substituted.

Defendant-Appellant Stephanie Hampton was sentenced to 24 months' imprisonment when her supervised release was revoked. On appeal, Hampton argues that her revocation sentence was illegal because, when aggregated with her prior revocation sentence, the amount of imprisonment exceeded the maximum amount of supervised release authorized for her original offense, in violation of 18 U.S.C. § 3583(e)(3). We hold that § 3583(e)(3) does not require aggregation of imprisonment imposed upon revocation of supervised release and AFFIRM the district court's revocation sentence.

No. 10-10035

## I.  FACTUAL & PROCEDURAL BACKGROUND

On October 3, 2007, Hampton pleaded guilty to one count of conspiracy to possess stolen mail, a Class D felony.  *See* 18 U.S.C. §§ 371, 3559(a)(4) (2006). Hampton was sentenced to six months' imprisonment and two years' supervised release.  Hampton violated the conditions of her first supervised release, and it was revoked by the district court.  The district court then sentenced Hampton to 24 months' imprisonment and 12 months' supervised release.

Hampton violated the conditions of her second supervised release, and the district court again revoked her release.  At her revocation hearing, Hampton argued that the statute governing supervised release revocation sentencing, 18 U.S.C. § 3583(e)(3) (2006), caps the aggregate amount of revocation imprisonment that a defendant can serve at the amount of supervised release authorized for the original offense by 18 U.S.C. § 3583(b).  According to Hampton, § 3583(b) authorized a maximum of three years' supervised release for her Class D felony and, thus, she could not receive more than one year's imprisonment as a second revocation sentence because she had already served two years' imprisonment on her prior revocation sentence.  The district court rejected this argument and sentenced Hampton to 24 months' imprisonment with no additional supervised release.  Hampton timely appealed.

## II. STANDARD OF REVIEW

We review *de novo* whether Hampton received a revocation sentence in excess of the statutory maximum.  *See United States v. Vera*, 542 F.3d 457, 459 (5th Cir. 2008) (quoting *United States v. Sais*, 227 F.3d 244, 246 (5th Cir. 2000)).

No. 10-10035

## III. ANALYSIS

### A.    Plain Meaning of § 3583

When interpreting a statute, this court first looks to the language of the statute itself. *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004). We are bound to "follow the plain and unambiguous meaning of the statutory language." *Id.* (citation and internal quotation marks omitted). Terms not defined in the statute itself should be given their "ordinary and natural meaning" and should be interpreted according to the "overall policies and objectives of the statute." *Id.* (citation and internal quotation marks omitted).

Under § 3583, a sentencing court may impose a term of supervised release following the defendant's imprisonment as part of the sentence. 18 U.S.C. § 3583(a). The amount of supervised release the sentencing court may impose depends on the severity of the defendant's offense. The authorized terms of supervised release are:

(1)    for a Class A or Class B felony, not more than five years;

(2)    for a Class C or Class D felony, not more than three years; and

(3)    for a Class E felony, or for a misdemeanor (other than a petty offense), not more than one year.

§ 3583(b).

If the district court imposes a term of supervised release, that court then sets conditions that must be followed by the defendant while on supervised release. § 3583(d). If a court finds by a preponderance of the evidence that a defendant has violated a condition of supervised release, that court may

revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on

3

No. 10-10035

> postrelease supervision . . . except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case . . . .

§ 3583(e)(3). In addition to revoking the defendant's supervised release and imprisoning the defendant, the district court

> may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original sentence, less any term of imprisonment that was imposed upon revocation of supervised release.

§ 3583(h).

Hampton argues that § 3583(e)(3) imposes two separate limits on the amount of imprisonment a defendant can receive when the court revokes her supervised release: an aggregate limit and a per-revocation limit. First, she argues that the language at the beginning of § 3583(e)(3) allowing the district court to "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release" is an aggregate limit. According to Hampton, this portion of § 3583(e)(3) ensures that a defendant's aggregate amount of revocation imprisonment does not exceed the amount of supervised release authorized for the underlying offense in § 3583(b). Second, she argues that the language at the end of § 3583(e)(3) limiting the revocation sentence "on any such revocation" to a number of years based on the severity of the underlying offense is a per-revocation limit.

4

No. 10-10035

We note that Hampton's argument presents an issue of first impression. Our last opinion to address whether § 3583(e)(3) required aggregation of prior revocation imprisonment was *United States v. Jackson*, 329 F.3d 406 (5th Cir. 2003) (per curiam). In *Jackson*, we accepted the government's concession that the pre-2003 version of § 3583(e)(3) imposed an aggregate cap on revocation imprisonment. *Id.* at 407–408. That reading of § 3583(e)(3) was derived from language in the subsection stating that a defendant "whose term of supervised release is revoked under this paragraph may not be required to serve more than" a specified term of imprisonment based on the offense class. 18 U.S.C. § 3583(e)(3) (2000). Congress amended § 3583(e)(3) in 2003 to state that a defendant "may not be required to serve *on any such revocation* more than" a specified amount of imprisonment. PROTECT Act, Pub. L. No. 108-21, § 101(1), 117 Stat. 650, 651 (2003) (amendment italicized). Hampton has conceded that the portion of § 3583(e)(3) interpreted in *Jackson*, and amended by the PROTECT Act, does not require aggregation.[1] Thus, we need only determine whether the phrase "term of supervised release authorized by statute" at the

---

[1] We addressed whether the language that the PROTECT Act added to § 3583(e)(3) imposed only a per-revocation cap on imprisonment in *United States v. Shabazz*, which is a case we have decided today. No. 10-10553 (5th Cir. Jan. 6, 2011). In *Shabazz*, we held that the phrase "may not be required to serve on any such revocation" at the end of § 3583(e)(3) acts as a per-revocation cap on imprisonment. *Id.*, slip op. at 3.

We note that several other circuits have also interpreted the phrase "may not be required to serve on any such revocation" in § 3583(e)(3) as a per-revocation cap on imprisonment. *See United States v. Epstein*, 620 F.3d 76, 80 (2d Cir. 2010) (per curiam); *United States v. Knight*, 580 F.3d 933, 937–38 (9th Cir. 2009); *United States v. Lewis*, 519 F.3d 822, 825 (8th Cir. 2008); *United States v. Williams*, 425 F.3d 987, 989 (11th Cir. 2005) (per curiam); *United States v. Tapia-Escalera*, 356 F.3d 181, 188 (1st Cir. 2004). None of those courts, however, addressed the precise issue Hampton has presented: whether the phrase "term of supervised release authorized by statute for the offense" at the beginning of § 3583(e)(3) acts as a separate, aggregate cap on revocation imprisonment.

No. 10-10035

beginning of § 3583(e)(3) caps the aggregate amount of revocation imprisonment at the amount of supervised release authorized by § 3583(b).

We disagree with Hampton's interpretation and conclude that the language at the beginning of § 3583(e)(3) allowing the district court to "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release" does not require that court to credit the defendant for prior terms of revocation imprisonment. Section 3583(e)(3) allows a court to "revoke *a* term of supervised release," and therefore, refers to one particular revocation. *Id.* (emphasis added). Section 3583(e)(3) does not explicitly require the sentencing court to consider any previous revocation imprisonment, and the only reference to a previous term of supervised release is an instruction not to credit "time previously served on postrelease supervision" against the term of revocation imprisonment. Therefore, the language at the beginning of § 3583(e)(3) does not require aggregation of revocation imprisonment.

Our reading of § 3583(e)(3) is harmonious with § 3583(h). *Cf. United States v. Caldera-Herrera*, 930 F.2d 409, 412 (5th Cir. 1991) (per curiam) ("Where possible, statutes must be read in harmony with one another so as to give meaning to each provision."). That subsection provides that a district court may impose additional supervised release as part of a defendant's revocation sentence. The amount of supervised release the district court may impose "shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." 18

6

No. 10-10035

U.S.C. § 3583(h).  This provision requires the revoking court to aggregate all revocation imprisonment and credit that amount against any post-revocation supervised release.  *Vera*, 542 F.3d at 462.  Section 3583(h), therefore, acts as a cap on the aggregate amount of post-revocation supervised release a defendant may receive.  This, in turn, imposes an indirect limit on the aggregate amount of revocation imprisonment.  Once a defendant has received as much revocation imprisonment as § 3583(b) authorizes for supervised release, the defendant is no longer eligible for post-revocation supervised release.  Because the defendant will no longer be eligible for supervised release, she cannot be at risk for "an endless cycle of consecutive terms of imprisonment and supervised release based on a single underlying offense."  *Jackson*, 329 F.3d at 408 n.7.

Nevertheless, Hampton raises several arguments challenging our reading of § 3583(e)(3).  First, she argues that our reading renders the phrase "term of supervised release authorized by statute for the offense" at the beginning of § 3583(e)(3) surplusage.  Hampton reasons that the felony class revocation limits at the end of § 3583(e)(3) are shorter than, or equal to, the amount of supervised release authorized by § 3583(b) for the same offense class, and, therefore, will always be triggered instead of the limit at the beginning of § 3583(e)(3).  In Hampton's case, for instance, § 3583(b) authorizes three years of supervised release but § 3583(e)(3) imposes a two-year per-revocation cap on revocation imprisonment.

Although the phrase "term of supervised release authorized by statute" does not control Hampton's revocation sentence under our reading, it is not superfluous language.  This phrase grants the revoking court the authority to impose a revocation sentence in excess of the amount of supervised release

7

No. 10-10035

authorized by the original sentencing court, provided it does not exceed the term of supervised release authorized by § 3583(b), thereby "removing the otherwise arguable limitation that a prison term imposed could never be longer than the term of the revoked supervised release." *Jackson*, 329 F.3d at 407 n.4; *see also Johnson v. United States*, 529 U.S. 694, 705 (2000).  If, instead of a two-year term of supervised release, Hampton had been sentenced to one year of supervised release initially, the revoking court was authorized to impose revocation imprisonment without reference to the amount of supervised release imposed by the original sentencing court, provided it did not exceed three years, the amount allowed by § 3583(b).  The language imposing a per-revocation cap on revocation imprisonment at the end of § 3583(e)(3) would then limit the maximum allowable revocation sentence to two years' imprisonment.

Second, Hampton points out that § 3583(e)(3) allows the revoking court to sentence the defendant to prison for "all or part of the term of supervised release authorized by statute . . . without credit for time previously served on postrelease supervision" but does not explicitly allow the district court to ignore prior revocation imprisonment.  Hampton argues that, under the statutory canon of *inclusio unius est exclusio alterius*, the inclusion of one is the exclusion of another, the reference to postrelease supervision without a reference to postrelease incarceration implies that Congress intended § 3583(e)(3) to limit aggregate revocation imprisonment by requiring the court to consider time served on prior revocation imprisonment.  However, the fact that § 3583(h) indirectly imposes an aggregate limit on revocation imprisonment means that we need not read a similar provision into § 3583(e)(3) where none is expressly granted. Furthermore, the fact that § 3583(h) explicitly provides for aggregation

No. 10-10035

of revocation imprisonment in connection with the phrase "term of supervised release authorized by statute," whereas § 3583(e)(3) does not for the identical phrase, is strong evidence of congressional intent not to require aggregation in § 3583(e)(3). *See Quarles v. St. Clair*, 711 F.2d 691, 701 n.31 (5th Cir. 1983) ("[It is] a well settled rule of statutory construction that where different language is used in the same connection in different parts of the statute it is presumed that the Legislature intended a different meaning and effect." (internal citation and quotation marks omitted)).[2]

The amendment history of § 3583(e)(3) further supports our reading of the statute. The current version of § 3583(e)(3) is, for purposes of our analysis, the product of two amendments. Prior to 1994, § 3583(e)(3) authorized the district court to

> revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision, if it finds by a preponderance of the evidence that the person violated a condition of supervised release . . . except that a person whose term is revoked under this paragraph may not be required to serve more than 3 years in prison if the offense for which the person was convicted was a Class B felony, or more than 2 years in prison if the offense was a Class C or D felony . . . .

18 U.S.C. § 3583(e)(3) (Supp. V 1993).

---

[2] Hampton argues that this same principle of statutory construction requires us to read the phrase "term of supervised release authorized by statute" in § 3583(e)(3) as an aggregate limit on revocation imprisonment because it lacks the words "on any such revocation," which create a per-revocation cap on revocation imprisonment in the same subsection. This argument is based on a misreading of § 3583(e)(3). Read properly, the phrase "on any such revocation" language already modifies the phrase "term of supervised release authorized by statute"—it provides the exception to the court's ability to sentence the defendant to the full term of supervised release authorized by § 3583(b). *See* 18 U.S.C. § 3583(e)(3).

No. 10-10035

In 1994 Congress amended § 3583(e)(3), and Hampton argues that the added language requires us to aggregate revocation imprisonment. After the 1994 amendment, § 3583(e)(3) authorized the district court to "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release *authorized by statute for the offense that resulted in such term of supervised release* without credit for time previously served on postrelease supervision." Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322 § 110505(2)(B), 108 Stat. 1796, 2016–17 (1994) (amendment italicized).

This amendment produced two results. First, it allowed the revoking court to impose a term of revocation imprisonment without being limited by the amount of supervised release the original sentencing court imposed. *Johnson*, 529 U.S. at 705. Prior to this amendment, the revoking court could not impose a revocation sentence that exceeded the supervised release sentence imposed by the original sentencing court. *Id.*; *see also United States v. Stewart*, 7 F.3d 1350, 1352 & n.1 (8th Cir. 1993) (collecting cases). Second, sentencing courts began to interpret the felony class revocation limits at the end of § 3583(e)(3) as aggregate limits on revocation imprisonment. *See Tapia-Escalera*, 356 F.3d at 187 & nn.6–7 (citing 137 CONG. REC. S7772 (daily ed. June 13, 1991) and collecting cases).

Congress amended § 3583(e)(3) once again in the 2003 PROTECT Act. The PROTECT Act added the phrase "on any such revocation" to the felony class revocation limits, so that a defendant "may not be required to serve *on any such revocation* more than" a certain number of years based on the felony class. Pub. L. No. 108-21 § 101(1), 117 Stat. at 651 (amendment italicized). As Hampton

10

No. 10-10035

has conceded, this language now operates as a per-revocation limit on revocation imprisonment. *See, e.g., Epstein*, 620 F.3d at 80.

To reach Hampton's reading of the phrase "authorized by statute" at the beginning of § 3583(e)(3), however, we would have to go one step further. We would have to read the PROTECT Act as transforming the phrase "authorized by statute" at the beginning of § 3583(e)(3) into an aggregate cap on revocation imprisonment. When this language was added in 1994, nothing suggested that it was meant to impose a cap on the aggregate amount of revocation imprisonment. *See Jackson*, 329 F.3d at 408 nn.4, 7. Moreover, prior to the PROTECT Act this same language was not read as an aggregate cap on revocation imprisonment because courts interpreted the shorter caps on revocation imprisonment at the end of § 3583(e)(3) as imposing an aggregate limit on revocation imprisonment. The PROTECT Act added the phrase "on any such revocation" to the felony class revocation limits at the end of § 3583(e)(3) but left the phrase "authorized by statute" at the beginning of § 3583(e)(3) unaltered. Therefore, we decline to read the PROTECT Act as prohibiting aggregation of revocation imprisonment in one part of § 3583(e)(3) and implicitly requiring it in another.

Hampton argues that, by allowing revocation imprisonment to exceed the amount of supervised release authorized by § 3583(b), our reading of § 3583(e)(3) creates the possibility that a defendant *could* receive a greater punishment than that authorized for the original offense without the benefit of a trial in violation of a defendant's constitutional rights. However, it has always been the case that the defendant could be punished for the underlying offense with revocation imprisonment if she violates the conditions of supervised release even if the total

11

No. 10-10035

amount of time that the defendant thereby spends in prison exceeds the statutory maximum for the underlying offense. *United States v. Hinson*, 429 F.3d 114, 116 n.7 (5th Cir. 2005). As we have previously noted:

> The federal criminal statutory scheme envisions that there can be at least two components of a sentence:  1) a term of imprisonment up to the maximum prison term permitted in a statute delineating the penalty for a particular offense . . . , and 2) a term of supervised release as delineated in section 3583 with the potential for additional prison time if the terms of supervised release are violated.

*Id*. at 116–17.  Our reading of § 3583(e)(3) does not alter this framework, and we, therefore, reject Hampton's constitutional argument.[3]

Hampton finally argues that we should apply the rule of lenity to resolve any statutory ambiguity in her favor.  The rule of lenity is based on the notion that it is "the legislature and not the courts that should define criminal activity, and . . . that fair warning should be accorded as to what conduct is criminal." *United States v. Marek*, 238 F.3d 310, 322 (5th Cir. 2001).  The rule should be invoked only when, "after seizing everything from which aid can be derived, we can make no more than a guess as to what Congress intended." *Reno v. Koray*,

---

[3] Hampton also makes a related Rule 11 argument.  Federal Rule of Criminal Procedure 11 requires the sentencing court to inform the defendant of "any maximum possible penalty, including imprisonment, fine, and a term of supervised release" prior to accepting a guilty plea.  FED. R. CRIM. PROC. 11(b)(1)(H).  Hampton argues that our reading of § 3583(e)(3) prevents the sentencing court from clearly expressing the maximum punishment a defendant can receive for a crime.  We are not persuaded.  First, Hampton does not challenge the district court's explanation of the maximum possible penalty during her own plea colloquy, nor can she, *see Hinson*, 429 F.3d at 116 & n. 8 (stating that a defendant "may not use an appeal of the revocation of her supervised release to attack her original sentence directly or collaterally"), so we need not address the issue in her case.  Second, assuming, without deciding, that the possibility of more than one revocation sentence should be disclosed to a defendant at the time of his Rule 11 colloquy, we are confident that the district court will be able to confect the necessary disclosure.

12

No. 10-10035

515 U.S. 50, 65 (1995) (internal citations and quotation marks omitted). As noted above, we have concluded that § 3583(e)(3) is not ambiguous, so the rule of lenity is inapplicable.[4]

**B.    Hampton's Revocation Sentence**

Turning, at last, to Hampton's revocation sentence, we conclude that the district court's revocation sentence of 24 months' imprisonment was proper. Hampton committed a Class D felony. Section 3583(e)(3) authorizes the district court to impose up to two years' revocation imprisonment for violating the conditions of supervised release for such a felony.

**IV.  CONCLUSION**

For the foregoing reasons, the judgment of the district court revoking Hampton's supervised release and sentencing Hampton to 24 months' imprisonment is AFFIRMED.

---

[4] Hampton argues, in the alternative, that we should read the language "term of supervised release authorized by statute for the offense" at the beginning of § 3583(e)(3) as a reference to the amount of supervised release authorized by § 3583(h) rather than § 3583(b). Hampton provides no support for her reading and it is merely a recapitulation of her aggregation argument, which we have addressed at length in this opinion.