**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 23, 2011

Lyle W. Cayce
Clerk

No. 10-40812
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BELMA LINDA LUCERO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:06-CR-740-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Belma Linda Lucero was convicted of aiding and abetting the transportation of an unlawful alien and was sentenced on May 31, 2007, to 33 months of imprisonment to be followed by a 3-year term of supervised release. On December 9, 2009, Lucero's supervised release was revoked, and she was sentenced to 90 days in prison to be followed by another term of supervised release. Lucero was subsequently charged with violating the conditions of this second term of supervised release by committing the criminal offenses of

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

criminal conspiracy, making terroristic threats, and being a felon in possession of a firearm. Lucero initially pleaded not true to the charge involving a criminal conspiracy. Over a Confrontation-Clause objection, the district court admitted a police report and search warrant into evidence. Lucero subsequently pleaded true to all of the charges that she violated the terms of her supervised release. The district court revoked Lucero's supervised release and sentenced her to a 21-month term of imprisonment and 24 months of supervised release.

Lucero argues that the district court violated her rights under the Confrontation Clause when it admitted hearsay evidence to determine her sentence. There is no Confrontation Clause violation when hearsay testimony is used for sentencing purposes. *See United States v. Beydoun*, 469 F.3d 102, 108 (5th Cir. 2006). As Lucero pleaded true to all of the charges and does not challenge the revocation, this issue has no merit.

Lucero argues that the district court erred in imposing sentence because the district court did not calculate the advisory guidelines range. Under *Gall v. United States*, 552 U.S. 38, 51 (2007), "failing to calculate (or improperly calculating) the Guidelines range" is a significant procedural error. When, as in this case, a defendant fails to object to errors in the sentencing procedures, they are reviewed for plain error only. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). To show plain error, Lucero must show a forfeited error that is clear or obvious and that affects her substantial rights. *Puckett v. United States*,129 S. Ct. 1423, 1429 (2009). Notwithstanding any procedural error, Lucero is not entitled to relief because she cannot show that the error affected her substantial rights because she has not shown even the possibility of a different sentence. *See United States v. Blocker*, 612 F.3d 413, 416 (5th Cir.), *cert. denied*, 131 S. Ct. 623 (2010).

Lucero argues, and the Government concedes, that the district court erred in imposing a 24-month term of supervised release. Although no objection was raised in the district court, this court reviews de novo whether a revocation

sentence is in excess of the statutory maximum. *See United States v. Hampton*, 633 F.3d 334, 336 (5th Cir. 2011). The maximum term of supervised release available upon revocation is the term of supervised release authorized for the defendant's original offense reduced by the aggregate term of imprisonment imposed on revocation. *See* § 3583(h); *United States v. Vera*, 542 F.3d 457, 459 (5th Cir. 2008); *Hampton*, 633 F.3d at 339. The imposition of a term of supervised release of 24 months exceeded the maximum allowed by statute. *See* § 3583(h). The judgment of the district court should be vacated and the matter remanded for resentencing in accordance with § 3583(h).

VACATED and REMANDED.