**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 14-4004**

———————————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

        v.

CHAD MCDONALD,

            Defendant - Appellant.

———————————

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.  Thomas E. Johnston,
District Judge. (2:10-cr-00122-2)

———————————

Submitted: June 12, 2014              Decided:  June 24, 2014

———————————

Before WILKINSON and NIEMEYER, Circuit Judges, and DAVIS, Senior
Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Michael D. Payne, REDMAN & PAYNE, PLLC, Charleston, West
Virginia, for Appellant.  R. Booth Goodwin II, United States
Attorney, C. Haley Bunn, Assistant United States Attorney,
Charleston, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chad McDonald appeals the district court's judgment imposing a twenty-four-month term of imprisonment following McDonald's second revocation of supervised release. He argues that the sentence imposed exceeds the maximum term of imprisonment authorized by 18 U.S.C. § 3583(e)(3) (2012). Finding no error, we affirm.

In 2011, McDonald pleaded guilty to disposing of stolen firearms, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) (2012). The district court sentenced McDonald to twelve months' imprisonment, followed by three years of supervised release. In July 2013, the district court revoked McDonald's supervised release and imposed a four-month term of incarceration and a new thirty-two-month term of supervised release. McDonald began serving the second term of supervised release in September 2013.

In October 2013, the probation officer filed a petition alleging violations of the conditions of supervised release. After a revocation hearing, the district court found that McDonald had violated the conditions of supervised release and revoked his release.[*] The district court, ruling that it was not required to reduce the statutory maximum available by the

_____

[*] McDonald does not challenge this finding on appeal.

2

duration of McDonald's previous revocation sentence, imposed the two-year statutory maximum.

McDonald argues that his sentence exceeds the statutory maximum because the district court failed to aggregate his prior revocation sentence, which would lower the available maximum sentence. He asserts that 2003 revisions to § 3583 did not alter this statutory requirement and were intended to ensure that imprisonment was available for every supervised release violation.

We review de novo questions of statutory interpretation. United States v. Under Seal, 709 F.3d 257, 261 (4th Cir. 2013). "The starting point for any issue of statutory interpretation is the language of the statute itself." Gilbert v. Residential Funding LLC, 678 F.3d 271, 276 (4th Cir. 2012) (alteration and internal quotation marks omitted). In cases where "the language of a statute . . . has a plain and ordinary meaning, courts need look no further and should apply the [statute] as it is written." Id. (internal quotation marks omitted). Where a word is not defined by statute, we "normally construe it in accord with its ordinary or natural meaning." Smith v. United States, 508 U.S. 223, 228 (1993).

When a district court revokes a term of supervised release and imposes a term of imprisonment, the "defendant . . . may not be required to serve on any such revocation more than

3

. . . 2 years in prison if such offense is a class C or D felony." 18 U.S.C. § 3583(e)(3). Following the 2003 revisions, our sister Circuits have concluded that "the ordinary meaning of the phrase 'on any such revocation' at the end of § 3583(e)(3) refers to each discrete revocation of supervised release, not to the aggregate amount of the defendant's revocation imprisonment." United States v. Shabazz, 633 F.3d 342, 345 (5th Cir. 2011); see United States v. Perry, 743 F.3d 238, 241-42 (7th Cir. 2014) (collecting cases). While the decisions of other Circuits are not binding, their reasoning is persuasive, and we conclude that the district court did not err in failing to aggregate the current sentence with the prior four-month term.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED

4