# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30665

United States Court of Appeals
Fifth Circuit

**FILED**
August 15, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JHAN GIBBS,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:91-CR-410-19

Before HIGGINBOTHAM, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jhan Gibbs was convicted in 1994 of conspiracy to distribute a controlled substance and use of a firearm during and in relation to a drug-trafficking crime. We affirmed Gibbs's convictions on direct appeal. *United States v. Williams*, No. 94-30408, 1995 WL 449907, *1-7 (5th Cir. 1995) (unpublished). In May 1997, following the Supreme Court decision in *Bailey v. United States*, 516 U.S. 137 (1995), the district court granted Gibbs's motion filed pursuant to 28 U.S.C. § 2255 and vacated Gibbs's conviction on the firearm count. Gibbs's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supervised release term (SRT) on his drug-conspiracy conviction began in November 2010, and the Government moved to have Gibbs's SRT revoked in April 2013. At his revocation hearing, Gibbs conceded the allegations that he had violated the conditions of his SRT. The district court revoked Gibbs's SRT, and it imposed a revocation sentence of 60 months of imprisonment on the drug-conspiracy count and 24 months of imprisonment on the firearm count. Gibbs made no objections following the district court's pronouncement of judgment. He did, however, file a timely notice of appeal.

In his first issue, Gibbs challenges the 60-month sentence imposed upon the revocation of his SRT on the drug-conspiracy count, arguing that the sentence is illegal. We review this illegal-sentence claim de novo despite Gibbs's failure to object in the district court. *See United States v. Vera*, 542 F.3d 457, 459 (5th Cir. 2008). Gibbs correctly argues that the penalty statute in effect in 1991 when he committed his offense controls here and that, under that law, a revocation sentence could not exceed the original SRT imposed. *See Johnson v. United States*, 529 U.S. 694, 701-02 (2000); *United States v. Hampton*, 633 F.3d 334, 340 (5th Cir. 2011); 18 U.S.C. § 3583(e)(3) (West 1991). He incorrectly asserts, however, that the original SRT imposed was for only three years. The district court orally pronounced a five-year SRT. The written judgment failed to specify the length of the SRT, and an amended judgment was entered to correct that omission, but correction inaccurately reflected a three-year SRT. Under the penalty statutes in effect at the time of Gibbs's offense, however, the district court was mandated to impose a five-year SRT when it imposed a sentence of imprisonment on the drug-conspiracy count. *See* 18 U.S.C. §§ 3559(a)(1) and 3583(b)(1) (West 1991); 21 U.S.C. § 841(b)(1)(A) (West 1991). Because the original SRT imposed was for 60 months, Gibbs's argument that the 60-month revocation sentence was illegal

fails.  That portion of the district court's judgment revoking Gibbs's SRT on his drug-conspiracy conviction and imposing a 60-month revocation sentence is AFFIRMED.

In his second issue, Gibbs challenges the legality of the revocation of his SRT on the firearm count and the two-year revocation sentence imposed by the district court.  Because Gibbs's firearm conviction was vacated in 1997, the district court lacked jurisdiction to revoke his SRT and impose a new term of imprisonment on that conviction.  *Cf. United States v. Lynch*, 114 F.3d 61, 63-64 (5th Cir. 1997) (concluding that district court lacked jurisdiction to impose revocation sentence where SRT violations occurred well after expiration of SRT).  Accordingly, with respect to that portion of the district court's judgment revoking Gibbs's SRT and imposing a two-year revocation sentence on the firearm count, we REVERSE and REMAND WITH INSTRUCTIONS to VACATE the order revoking Gibbs's supervised release and to DISMISS with prejudice the revocation motion to the extent that it relates to Gibbs's firearm conviction.