NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3564
_____

UNITED STATES OF AMERICA

v.

WILLIAM R. COOK, SR.,
                              Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-12-cr-00283-001)
District Judge: Honorable Nora B. Fischer

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 4, 2018

Before: SHWARTZ, SCIRICA, and ROTH, *Circuit Judges*

(Filed: May 29, 2019)

_____

OPINION[*]
_____

SCIRICA, *Circuit Judge*

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

William R. Cook, Sr. appeals the trial court's sentence of twenty-four months' imprisonment following the most recent revocation of his supervised release. After pleading guilty to one count of knowingly and willfully making false statements to the government, 18 U.S.C. § 1001(a)(2), Cook was sentenced to eighteen-months' imprisonment followed by three years of supervised release. Cook repeatedly violated the terms of his supervised release, resulting in three revocations and his consequent reimprisonment. Cook argues that his third term of revocation imprisonment, imposed under 18 U.S.C. § 3583(e)(3), is unlawful because—when combined with his initial imprisonment and his previous twenty-fourth months and thirteen days of revocation imprisonment—it will result in an aggregate prison sentence exceeding § 1001's sixty-month maximum. Cook's argument is unavailing. He misconstrues the interaction between the punishment for his underlying conviction and the consequences for violating the terms of his supervised release. We will affirm.

**I.**

As noted, Cook pleaded guilty to one count of making false statements, for which he was sentenced to eighteen months' imprisonment followed by three years of supervised release. Cook's supervised release required him to abide by a series of standard and negotiated conditions. Among other things, these conditions required Cook to avoid committing further crimes, regularly report to his probation officer, seek certain medical treatment, and refrain from using illegal drugs. During Cook's plea hearing, the trial judge warned Cook that conditions may attach to any term of supervised release and discussed the consequences of violating these conditions, which include revocation and

2

reimprisonment. Cook acknowledged on the record that he understood the conditional nature of his supervised release. His supervised release began on September 25, 2013.

Cook began violating conditions of his release the next year. After the Probation Officer submitted an order to show cause, the Government and Cook agreed that Cook would enter a residential long-term drug treatment program. But Cook continued to violate various conditions of his supervised release, and the trial judge scheduled a violation hearing for November 3, 2015. Cook did not appear, leading to his arrest six days later.

The trial judge revoked Cook's supervised release and imposed a twenty-four month prison sentence, followed by a new twelve-month term of supervised release. Within four months of his November 2016 discharge from prison, Cook again engaged in conduct violating his terms of supervised release. Cook admitted these violations, and the trial judge again revoked his supervised release.

Going into his second revocation sentencing hearing, Cook had been sentenced to a total of forty-two months' imprisonment—eighteen months upon conviction and twenty-four months upon revocation of his first term of supervised release. The trial judge sentenced Cook to time served—thirteen days—and once again imposed a term of supervised release. But in a similar fashion, Cook violated the conditions of his release, again acknowledging his violations during an August 2017 hearing prompted by another petition to show cause.

This brings us to the revocation sentence at issue here. During his August 24, 2017 hearing, Cook argued that the available § 3583(e)(3) revocation prison sentence is limited

by the interplay between 18 U.S.C. § 1001's sixty-month maximum and the forty-two and one-half months to which Cook had already been sentenced between his initial confinement and revocation imprisonments. Accordingly, Cook contended the trial judge could sentence him to at most seventeen months and seventeen days of imprisonment. After considering briefing on this issue, the trial judge imposed a sentence of twenty-four months' imprisonment, the maximum authorized by § 3583(e)(3).

## II.[1]

Cook challenges as unlawful the twenty-four month revocation imprisonment sentence imposed by the trial judge. Because "postrevocation sanctions" attach "as part of the penalty for the initial offense," *Johnson v. United States*, 529 U.S. 694, 700 (2000), Cook argues that post-revocation prison sentences are cabined by the statutory maximum authorized by the underlying criminal statute. Put simply, Cook's understanding of revocation sentencing would limit this sentence to seventeen and one-half months—18 U.S.C. § 1001's sixty-month maximum less the forty-two months and thirteen days to which Cook had already been sentenced. To conclude otherwise, Cook argues, would violate his constitutional rights to due process and trial by jury.

Supervised release, and penalties for violating its terms, are attributable to the original offense, but it does not follow that the term of supervised release (or imprisonment for violating its terms) is limited by the original offense's maximum

---

[1] The trial court had jurisdiction under 18 U.S.C. § 3583(e) and 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1). "We exercise plenary review over" the trial court's interpretation of 18 U.S.C. § 3583(e)(3). *United States v. Williams*, 675 F.3d 275, 277 (3d Cir. 2012) (citing *United States v. Doe*, 564 F.3d 305, 307 n.2 (3d Cir. 2009)).

sentence. While supervised release attaches to the original conviction, a separate statute governs its mechanics and outlines penalties that may result when its conditions are violated. Cook asks us to improperly conflate the two and impose a limitation on revocation imprisonment absent in the statute.

**A.**

It is a Class D felony to knowingly and willfully make false statements to the U.S. Government. 18 U.S.C. §§ 1001, 3559(a). A defendant who violates this prohibition faces up to sixty months in prison. *Id.* § 1001.

In addition to sentencing authorized by the substantive criminal law, the court "may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment." *Id.* § 3583(a). Some conditions of supervised release are required by statute[2]—others may be ordered at the discretion of the sentencing judge.[3] The trial judge may enforce these conditions by revoking a violator's supervised release. A court may:

> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation . . . more than 2 years in prison if such offense is a class C or D felony . . .

---

[2]    The defendant may not, for example, "commit another Federal, State, or local crime during the term of supervision." 18 U.S.C. § 3583(d).

[3]    The condition must: (1) be "reasonably related to the [§ 3553] factors"; (2) "involve[] no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D)"; and (3) be "consistent with any pertinent policy statements issued by the Sentencing Commission." *Id.*

*Id.* § 3583(e)(3). Section 3583(e)(3) contains an unambiguous "per revocation limit on revocation imprisonment." *United States v. Williams*, 675 F.3d 275, 280 (3d Cir. 2012) (quoting *United States v. Hampton*, 633 F.3d 334, 341 (5th Cir. 2011)).

The sentencing judge may impose a new term of supervised release to follow such a period of revocation imprisonment. *See* 18 U.S.C. § 3583(h). Any subsequent term of supervised release may not exceed the amount of supervised release originally authorized "less any term of imprisonment that was imposed upon revocation of supervised release." *Id.* This so-called supervised release tail, therefore, "progressively diminishes by the length of successive terms of post-revocation imprisonment." *Williams*, 675 F.3d at 279. Section 3583(h) functions as an effective "cap on the aggregate amount of post-revocation supervised release a defendant may receive." *Id.* at 280 (quoting *Hampton*, 633 F.3d at 339).

**B.**

As Cook correctly notes, the trial court's authority to impose supervised release relates back to its sentencing power over the original conviction. *See Johnson v. United States*, 529 U.S. at 700; *see also* 18 U.S.C. § 3583(a) ("The court, in imposing a sentence . . . , may *include as a part of the sentence* . . . a term of supervised release . . . .") (emphasis added). The original sentence serves the broad deterrent, retributive, and rehabilitative purposes of criminal punishment. *See* 18 U.S.C. § 3553(a)(2). While the original conviction provides the source of authority for supervised release, supervised release serves a distinct rehabilitative purpose—assisting "individuals in their transition to community life." *Johnson v. United States*, 529 U.S. at 709 (quoting *United States v.*

*Johnson*, 529 U.S. 53, 59 (2000)). Revocation imprisonment sanctions defendants who breach the supervising court's trust by violating the terms of release. *See United States v. Dees*, 467 F.3d 847, 853 (3d Cir. 2006).

Supervised release, and commensurate penalties for violating it, is one component of the original sentence. 18 U.S.C. § 3583(a). But the terms of supervised release and revocation imprisonment, as discussed above, are delineated in a separate statute: § 3583. The timing and duration of supervised release operate independently of the underlying criminal statute.[4] Therefore a term of imprisonment "authorized under the supervised release statute is not limited by reference to the actual term of incarceration served by a defendant" under the original conviction. *United States v. Work*, 409 F.3d 484, 490 (1st Cir. 2005). And because § 3583(e)(3)—rather than the underlying statute—provides the relevant limitation on revocation imprisonment, a defendant who has served the statutory maximum sentence may face additional imprisonment for violating the terms of supervised release.

The trial court here did not err in sentencing Cook to twenty-four months of revocation imprisonment. As noted, the court found Cook violated conditions of his supervised release. His conviction under § 1001(a)(2) is a Class D felony for purposes of

---

[4]     *See United States v. Pettus*, 303 F.3d 480, 487 (2d Cir. 2002) (noting the "well-settled rule that punishment for a violation of supervised release, when combined with punishment for the original offense, may exceed the statutory maximum for the underlying substantive offense" (quotation marks and citation omitted)); *cf. United States v. Work*, 409 F.3d 484, 489 (1st Cir. 2005) ("The supervised release period is an independent element of the sentence. It is not carved out of the maximum permissible time allotted for incarceration under some other criminal statute." (quotation mark and citation omitted)).

supervised release. The twenty-four month sentence imposed by the trial court, therefore, is a permissible revocation sentence under § 3583(e)(3).

Were Cook's argument correct, a defendant sentenced to a statutory maximum followed by a period of supervised release—a sentence plainly allowed—could not face reimprisonment for violating his supervised release. But this result not only undermines the purpose of supervised release, it does violence to the statutory scheme. As the Seventh Circuit observed, Cook's suggested limitation would mean, in enacting § 3853(e)(3), "Congress authorized a punishment that could never be imposed." *United States v. McIntosh*, 630 F.3d 699, 702 (7th Cir. 2011) (citation and quotation omitted).

There is no statutory cap that limits *aggregate* revocation imprisonment. Cook contends that the underlying maximum sentence cabins revocation imprisonment sentences, arguing in effect that each term of revocation imprisonment depletes imprisonment time available for assessment against future supervised release violations. We rejected a similar argument in *Williams* when we construed § 3583(e)(3) revocation imprisonment to be limited by its fixed terms and not by subsection (h)'s diminishing period of supervised release. *See* 675 F.3d at 279. Nothing in § 3583(e)(3) progressively reduces the available revocation imprisonment sentence. The supervised release tail may have such an indirect effect by virtue of the fact that revocation imprisonment necessarily follows supervised release. But Congress limited its direct application to the aggregate period of supervised release.[5]

---

[5] And if there were any doubt, Congress answered it by enacting the PROTECT Act, which amended § 3583(e)(3) to include the phrase "on any such revocation." Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act

Cook also contends the trial court's judgment violated his Fifth and Sixth Amendment rights. Whether or not Cook's Fifth and Sixth Amendment arguments were properly preserved, both fail on the merits. The trial court's application of § 3583(e)(3) to Cook's circumstances did not violate his constitutional rights.

The court's revocation sentence did not violate Cook's Fifth Amendment due process rights. Cook argues that he "didn't have notice of" the fact that continued violations of his supervised release might result in aggregate imprisonment exceeding 18 U.S.C. § 1001's sixty-month maximum. A. 227–228. But his plea colloquy proves otherwise. The trial court advised Cook of the possibility that his prison sentence would be followed by a period of conditional supervised release, which may be modified or revoked. In particular, the court cautioned that it "may also revoke [Cook's] term of supervised release and [he] may be ordered to serve in prison all of the term of the supervised release authorized by the statute for the offense that resulted in such term of supervised release without any credit for time [he] already served on the term of supervised release." A. 52. Cook responded that he understood these consequences of violating conditions of release. The record belies any claim that Cook lacked adequate notice of the possibility of revocation imprisonment.

Nor did the revocation sentence violate Cook's Sixth Amendment rights. Cook

---

of 2003, Pub. L. No. 108-21, 117 Stat. 650. This put an end to the practice of aggregating post-revocation prison sentences. *See United States v. Lewis*, 519 F.3d 822, 824–25 (8th Cir. 2008) (noting that the PROTECT Act amendments make clear that a fixed, per revocation maximum applies).

says that this revocation sentence violates his Sixth Amendment rights because—when aggregated with previous time served—it causes his sentence to exceed § 1001's sixty-month maximum. The revocation sentence was imposed only after the trial judge found, by a preponderance of the evidence, that Cook violated the terms of his release. These two features of his reimprisonment, Cook contends, combine to violate *Apprendi*'s requirement that facts that increase a criminal penalty beyond the statutory maximum must be found by a jury beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).

Cook does not question the principle that "the rule in *Apprendi* does not apply to a sentence imposed under § 3583 following the revocation of a supervised release." *McIntosh*, 630 F.3d at 703; *see also Dees*, 467 F.3d at 854 (rejecting defendant's *Apprendi* claim and noting "[t]he statutory maximum for *each term* of supervised release can be imposed upon revocation") (emphasis in original). This is because—as Cook himself emphasizes—a revocation sentence is not a stand-alone criminal punishment. Rather, conditional supervised release and reimprisonment for violating it are part of the original sentence. *See* 18 U.S.C. § 3583; *see also United States v. Pettus*, 303 F.3d 480, 487 (2d Cir. 2002) ("[A] violation of the conditions of supervised release does not constitute a new crime, and the revocation of supervised release is not properly considered a new punishment.") (citing *Johnson v. United States*, 529 U.S. at 700).

Cook does not object to his first two revocation sentences. He only challenges the revocation sentence that pushes his aggregate sentence beyond the sixty-month maximum. But the nature of this revocation sentence is the same as that of the previous

sentences: Cook violated the terms of his release, and the trial court imposed a sentence consistent with § 3583(e)(3). That statute imposes an independent limit on each revocation sentence and contains no aggregating principle. We reject Cook's *Apprendi* challenge.

## III.

For the foregoing reasons, we will affirm the revocation sentence.