United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 7, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 05-20121
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUBY SIFUENTES,

Defendant-
Appellant.

-------------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-238-ALL
-------------------------------------------------------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Ruby Sifuentes appeals the sentence of eight months of imprisonment to be followed by 28 months of supervised release imposed by the district court following the revocation of her term of supervised release from her conviction for transporting an alien within the country for financial gain. Sifuentes argues that the imposition of the sentence is unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). She also contends that her 28-month term of supervised release and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

her eight-month prison sentence exceeds the statutory maximum because the total length of her supervised release, including 20 months previously served, will violate the statutory maximum term of 36 months of supervised release.

This court has held that factual findings made by a court in revoking supervised release need not be proved to a jury beyond a reasonable doubt, and that the principles of *Apprendi* as developed in *United States v. Booker*, 543 U.S. 220 (2005), do not apply to revocations of supervised release. *United States v. Hinson*, 429 F.3d 114, 118 (5th Cir. 2005), *cert. denied*, 126 S. Ct. 1804 (2006). The argument is without merit.

The plain language of 18 U.S.C. § 3583(h) allows the district court to impose a term of supervised release upon revocation provided that the term of supervised release does not exceed the term authorized by statute for the underlying offense. § 3583(h). Because Sifuentes was convicted of a Class C felony, the district court was authorized to sentence her to 28 months of supervised release following her eight-month prison sentence received upon revocation. *See* 8 U.S.C. § 1324; 18 U.S.C. §§ 3559(a) and 3583(b)(2). Sifuentes's sentence does not exceed the statutory maximum.

Accordingly, the judgment of the district court is AFFIRMED.