# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 8, 2008

Charles R. Fulbruge III
Clerk

No. 07-20516

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAMIRO VERA, JR.,

Defendant - Appellant.

Appeal from the United States District Court
for the Southern District of Texas

Before GARZA and DENNIS, Circuit Judges, and MINALDI,[*] District Judge.

EMILIO M. GARZA, Circuit Judge:

Ramiro Vera, Jr. appeals his sentence of 25 months of supervised release, which the district court imposed following its second revocation of Vera's supervised release. Vera contends that the supervised release term imposed by the district court exceeded the statutory maximum under 18 U.S.C. § 3583(h). Specifically, he argues that the district court erred in failing to reduce the maximum supervised release term by the term of imprisonment he received upon his first revocation. For the following reasons, we VACATE and REMAND for resentencing.

I

---

[*] District Judge of the Western District of Louisiana, sitting by designation.

Vera was charged with knowingly transporting an illegal alien in violation of 8 U.S.C. § 1324. He pled guilty to the offense and was sentenced to 21 months of imprisonment and three years of supervised release.

After serving his time in custody, Vera began his first term of supervised release. About three months later, the United States Probation Office moved to revoke Vera's supervised release, alleging Vera's possession and use of a controlled substance; failure to follow the substance abuse treatment program rules; failure to report to his probation officer; and failure to follow instructions from his probation officer. Vera pled "true" to all of the violations and his supervised release was revoked. Following this first revocation, the district court sentenced Vera to six months imprisonment and 30 months of supervised release.

Vera was released from custody and began serving his second term of supervised release. Again, about three months later, the Probation Office moved to revoke Vera's supervised release, alleging essentially the same violations that led to Vera's previous revocation. Once more, Vera pled "true" to all of the violations. And once more, the district court revoked Vera's supervised release. Following the second revocation, Vera was sentenced to 11 months of imprisonment and 25 months of supervised release.

Vera filed a motion to correct his sentence under Federal Rule of Criminal Procedure 35(a). He argued that the district court should have added the six-month term of imprisonment that he received after his first revocation to the 11-month term of imprisonment that he received after his second revocation and then subtracted the sum of those two terms from the statutory maximum term of supervised release to which he was subject. Using Vera's equation, he should have received 19 months of supervised release, not the 25 months that the district court imposed. The district court denied Vera's motion. Vera appeals.

## II

Vera argues that the supervised release term imposed by the district court exceeded the statutory maximum under 18 U.S.C. § 3583(h). Thus, regardless of whether Vera properly preserved an objection to his sentence, "because a sentence which exceeds the statutory maximum is an illegal sentence and therefore constitutes plain error, our review of the issue presented in this appeal will be de novo." United States v. Sias, 227 F.3d 244, 246 (5th Cir. 2000).

## III

Vera argues that the district court erred in calculating the maximum term of supervised release applicable to his second revocation. He argues that in calculating the maximum supervised release term the district court should have credited him for the six-month term of imprisonment he received after his first revocation.

Section 3583(h) authorizes the imposition of a new term of supervised release upon revocation of a prior term of supervised release. "When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment." 18 U.S.C. § 3583(h). In addition, § 3583(h) supplies the formula for calculating the maximum term of supervised release upon revocation: "The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." 18 U.S.C. § 3583(h) (emphasis added).

The formula for determining the maximum term of supervised release that may be imposed upon revocation proceeds in two steps. First, the district court must identify the term of supervised release authorized for the defendant's

3

original offense. Vera's original offense, transporting an illegal alien, carries a maximum ten-year sentence, 8 U.S.C. § 1324(a)(1)(B)(i), and thus is a class C felony, 18 U.S.C. § 3559(a)(3). A class C felony carries an authorized term of supervised release of "not more than three years." 18 U.S.C. § 3583(b)(2). Therefore, Vera's original offense carried an authorized supervised release term of 36 months.

The second step is to subtract from the originally authorized supervised release term "any term of imprisonment that was imposed upon revocation of supervised release." § 3585(h). The dispute in this case involves the second step.

Vera argues that the phrase "less any term of imprisonment that was imposed upon revocation of supervised release" means that the maximum allowable supervised release term following multiple revocations must be reduced by the aggregate length of any terms of imprisonment that have been imposed upon revocation. In his case, that would include both the six-month term of imprisonment he received after his first revocation and the 11-month term of imprisonment he received after his second revocation, for a total of 17 months. Subtracting this total (17) from the originally authorized term of supervised release (36), the maximum term of supervised release on Vera's second revocation was 19 months, not the 25 months imposed by the district court.

The Government argues that "any term of imprisonment that was imposed upon revocation of supervised release" refers only to the term of imprisonment imposed on the current revocation, and nothing more. On the Government's view, the district court was correct to subtract only the 11-month term of imprisonment imposed upon Vera's second revocation and thus to calculate Vera's maximum term of supervised release at 25 months.

Our sister circuits that have addressed this issue agree with Vera. The Government, on the other hand, has not cited any circuit decision interpreting § 3583(h) in the manner it suggests.

In United States v. Maxwell, the Fourth Circuit explained:

> When the word "any" is properly read in its § 3583(h) statutory context, Webster's Third New International Dictionary provides that the word "any" means "all." See id. at 97 (2d ed. 1981). Specifically, Webster's Third New International Dictionary provides that when the word "any" is "used as a function word to indicate the maximum or whole of a number or quantity," for example, "give me [any] letters you find" and "he needs [any] help he can get," the word "any" means "all." Id. Here, the word "any" in the phrase "less any term of imprisonment that was imposed upon revocation of supervised release," § 3583(h) (emphasis added), is obviously used as a function word to indicate the maximum or whole of a number or quantity just as the word "any" is used in the dictionary examples quoted above.

285 F.3d 336, 341 (4th Cir. 2002). Based on these observations, the Fourth Circuit held that "the plain meaning of the phrase 'less any term of imprisonment that was imposed upon revocation of supervised release' in § 3583(h) is that the prison term in the current revocation sentence, together with all prison time imposed under any prior revocation sentence or sentences, must be aggregated." Id.

In an earlier decision, the Eighth Circuit reached the same conclusion: "We conclude that the plain meaning of the reference to 'any term of imprisonment' includes the prison term in the current revocation sentence together with all prison time served under any prior revocation sentence(s)." United States v. Brings Plenty, 188 F.3d 1051, 1054 (8th Cir. 1999). The Eighth Circuit found "strong support" for its holding in the legislative history of the 1994 amendments to § 3583, discussing a bill which also contained the "any term of imprisonment" language currently used in § 3583(h). Id. In discussing the practical effect of the legislation, the bill sponsor offered the example of a

defendant who had been revoked multiple times and received multiple imprisonment terms and then explained that "under [the amendments], a defendant would always be credited for incarceration time against both the cap on re-imprisonment and the maximum authorized period of supervised release." Id. (alteration in original; emphasis added) (quoting 137 Cong. Rec. S7769-72 (daily ed. June 13, 1991)).

The Eleventh Circuit relied on the same legislative history and reached the same conclusion as the Fourth and the Eighth Circuit. The Eleventh Circuit explained:

> The relevant legislative history and case law from other circuits indicate that subsection (h) was intended to provide credit for the aggregate of prison terms served on prior revocations toward the maximum amount of supervised release permitted by statute. Upon multiple revocations, subsection (h) authorizes the imposition of an additional term of supervised release, up to the statutory maximum, "less any term of imprisonment that was imposed upon revocation of supervised release." 18 U.S.C. § 3583(h). Accordingly, we hold that, under subsection (h), the maximum allowable supervised release following multiple revocations must be reduced by the aggregate length of any terms of imprisonment that have been imposed upon revocation.

United States v. Mazarky, 499 F.3d 1246, 1250 (11th Cir. 2007).

The Government's arguments in response to this weight of authority offer little resistance. First, the Government notes that § 3583(h) was amended by the PROTECT Act of 2003 and that all of the above-cited decisions interpreted the pre-2003 version of § 3583(h). See Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act of 2003 ("PROTECT Act"), Pub. L. 108-21, § 101, 117 Stat. 650, 651. However, the amendment to § 3583(h) left untouched the relevant language outlining the formula for calculating the maximum term of supervised release upon revocation. Both before and after the PROTECT Act, a district court must calculate the maximum supervised release term based on the supervised release term authorized for the original offense

"less any term of imprisonment that was imposed upon revocation of supervised release." Thus, the precise language that the Fourth, Eighth, and Eleventh Circuits analyzed to conclude that the maximum supervised release term must be reduced by the aggregate length of any terms of imprisonment that have been imposed upon revocation has not changed.

The 2003 amendment to § 3583(h) addressed a different issue. The amendment removed the pre-2003 qualification that a new term of supervised release could be imposed only if the post-revocation prison sentence imposed was less than the maximum term of imprisonment authorized under § 3583(e)(3). The amendment thus addressed when the district court could impose supervised release upon revocation, but did not alter the formula for calculating how much supervised release the district court could impose.[1] The Government's reliance on the 2003 amendment to § 3583(h) is unavailing.[2]

---

[1] The first sentence of the pre-2003 version of § 3583(h) provided: "When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment." (emphasis added). Since the 2003 amendment, § 3583(h) has read: "When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment."

[2] The Government makes much of the fact that the PROTECT Act also amended § 3583(e)(3), which articulates the maximum term of imprisonment that may be imposed upon revocation of supervised release. Interpreting the pre-2003 version of subsection (e)(3), courts have held that in multiple revocation cases, the maximum term of imprisonment that may be imposed upon revocation is determined on a cumulative basis and not separately each time supervised release is revoked. See, e.g., United States v. Jackson, 329 F.3d 406, 407–08 (5th Cir. 2003) (collecting cases). The aggregation principle for calculating the maximum term of imprisonment upon revocation under the pre-2003 version of subsection (e)(3) is thus similar to the aggregation principle for calculating the maximum term of supervised release upon revocation under subsection (h).

However, the PROTECT Act amended subsection (e)(3) in 2003 to state that the maximum term of imprisonment upon revocation applies "on any such revocation." Section 3583(e)(3) now reads "that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than" the enumerated maximum term of imprisonment. (emphasis added). Courts reviewing this amended language have concluded

Next, the Government cites an unpublished decision from our circuit, United States v. Sifuentes, 204 Fed. Appx. 477 (5th Cir. 2007), and alleges that we have already rejected the argument that Vera now raises. In Sifuentes, the defendant contended that "her 28-month term of supervised release and her eight-month prison sentence exceeds the statutory maximum because the total length of her supervised release, including 20 months previously served, will violate the statutory maximum term of 36 months of supervised release." The issue in Sifuentes was whether the 20 months that the defendant had previously served on supervised release for her original conviction should be credited toward the maximum term of supervised release that could be imposed on revocation. That case did not concern the aggregation of multiple post-revocation terms of imprisonment, as does this case. Therefore, Sifuentes does not inform our decision in this case. The Government offers no other cases to support its position.

We are persuaded by the well-reasoned decisions of our sister circuits. In line with these decisions, we hold that under § 3853(h) "the maximum allowable supervised release following multiple revocations must be reduced by the aggregate length of any terms of imprisonment that have been imposed upon revocation." Mazarky, 499 F.3d at 1250. The district court erred in failing to reduce Vera's maximum supervised release term by the six-month term of

that the maximum term of imprisonment that can be imposed upon revocation now applies on a per revocation basis, without regard to any term of imprisonment imposed in previous revocations. See, e.g., United States v. Lewis, 519 F.3d 822, 824–25 (8th Cir. 2008) (collecting cases).

We take no position on what effect, if any, the 2003 amendment to subsection (e)(3) had on the calculation of the maximum term of imprisonment that may be imposed upon revocation of supervised release. That issue is not before the court. We find it noteworthy however that Congress did not insert any language like that added in subsection (e)(3) to subsection (h). We cannot conclude that the change to subsection (e)(3) altered the prior interpretation of subsection (h). Had Congress wished to make such a change to subsection (h), the amendment to subsection (e)(3) indicates that Congress was aware potentially of how to do so. Yet, the relevant language in subsection (h) remained unchanged.

imprisonment that Vera received after his first revocation. Under § 3853(h), the maximum term of supervised release the district court could impose was 19 months. The district court exceeded the statutory maximum in sentencing Vera to a supervised release term of 25 months. Therefore, we VACATE Vera's sentence and REMAND for resentencing consistent with this opinion.