# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 4, 2008

Charles R. Fulbruge III
Clerk

No. 08-10009
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MICHAEL ANTHONY BAKER

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CR-108-10

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Michael Anthony Baker appeals his consecutive 18-month sentences following the revocation of his supervised release. We AFFIRM.

In 1998, Baker was found guilty of bank fraud after a jury trial. His sentence included a period of incarceration, which was followed by a five-year period of supervised release. In January 2004, Baker began his supervised release. In September 2007, a probation officer petitioned the court for Baker's arrest due to violations of his terms of supervision. A revocation hearing was

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

held in December 2007, resulting in the district judge's finding that all the claimed violations had occurred. Baker received two 18-month sentences to run consecutively, followed by concurrent terms of 42 months of supervised release.

On appeal, Baker argues that the district court sentenced him without properly considering the factors set forth in 18 U.S.C. § 3553(a), that the district court exceeded the sentencing range recommended by the policy statements in the United States Sentencing Guidelines, and that the sentences were made unreasonable or plainly unreasonable by the requirement that they be served consecutively. Additionally, Baker asserts that imposition of concurrent 42-month terms of supervised release further compounds the unreasonable nature of his sentences.

Prior to United States v. Booker, 543 U.S. 220 (2005), we would uphold a sentence imposed after revocation of supervised release unless it violated the law or was plainly unreasonable. United States v. Gonzalez, 250 F.3d 923, 925 (5th Cir. 2001). Since Booker, appellate courts review a sentence to determine if it is reasonable, applying an abuse-of-discretion standard. Gall v. United States, 128 S. Ct. 586, 594, 597 (2008). We have not yet, though, decided the appropriate standard of review for a post-Booker revocation sentence. See United States v. McKinney, 520 F.3d 425, 428 (5th Cir. 2008). Regardless, Baker's sentences are sustainable no matter the standard, as we will discuss.

When sentencing a defendant after the revocation of supervised release, the district court may impose any sentence that falls within the appropriate statutory maximum term of imprisonment allowed for the revocation sentence. 18 U.S.C. § 3583(e)(3). In choosing a sentence, the district court is directed to consider the factors enumerated in Section 3553(a), including the nonbinding policy statements found in Chapter Seven of the Guidelines. United States v. Mathena, 23 F.3d 87, 90-93 (5th Cir. 1994).

Baker's underlying offense of bank fraud is a Class B felony because it carried a penalty of up to 30 years of imprisonment. 18 U.S.C. §§ 1344,

3559(a)(3). Therefore, the maximum statutory sentence that could be imposed for the violation of his supervised release was three years. Id. § 3583(e)(3). Although the 18-month sentences exceeded the advisory range of three to nine months in prison, they did not exceed the statutory maximum and are therefore proper. Id.; see also United States v. Smith, 417 F.3d 483, 492-93 (5th Cir. 2005). Moreover, the district court considered the policy statements of Chapter Seven and determined that the facts of the instant case warranted a sentence above the recommended range.

Lastly, the imposition of consecutive revocation sentences is specifically authorized by statute, and there was no error in calculating the postrevocation terms of supervised release. See Gonzalez, 250 F.3d at 926; United States v. Vera, 542 F.3d 457, 459 (5th Cir. 2008). Baker has not shown that the sentences imposed following the revocation of his supervised release were unreasonable or plainly unreasonable. See McKinney, 520 F.3d at 428.

The district court's judgment is AFFIRMED.