# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 21, 2011

Lyle W. Cayce
Clerk

No. 08-40513
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE A. MORALES, also known as Camaron; JOSE ALFREDO JIMENEZ,

Defendants-Appellants

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 1:02-CR-562-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose A. Morales appeals the sentence imposed at resentencing for his convictions for one count of conspiracy to possess with the intent to distribute more than 1000 kilograms of marijuana and three counts of possession with the intent to distribute 100 kilograms or more of marijuana. Jose Alfredo Jimenez appeals the sentence imposed at resentencing for his convictions for one count of conspiracy to possess with the intent to distribute more than 1000 kilograms of marijuana, two counts of possession with the intent to distribute 100

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

kilograms or more of marijuana, and use of a firearm during the commission of a drug-trafficking offense.

Morales argues that the district court plainly erred by failing to provide sufficient reasons for his within-guidelines sentence of 360 months of imprisonment. Morales contends that he provided mitigating arguments for a sentence below the guidelines range to which the court did not respond. Specifically, he asserts that the court did not consider his argument that his house burned down as a result of debriefings with the Government and that this event led to his decision to go to trial.

Because Morales did not object on this basis in the district court, review is limited to plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). Contrary to Morales's assertion, the district court provided a lengthy and detailed explanation of the sentence imposed. The court addressed Morales's arguments, discussed the facts of the case, Morales's criminal history, and the sentencing factors of 18 U.S.C. § 3553(a). Though the district court did not specifically reference the particular mitigating argument of which Morales complains, the record shows that the court considered his arguments and provided a reasoned basis for the imposition of sentence. *See Rita v. United States*, 551 U.S. 338, 356 (2007). The district court did not commit error that was clear or obvious. *See id*.; *United States v. Rodriguez*, 523 F.3d 519, 525-6 (5th Cir. 2008). Accordingly, the judgment of the district court as to Morales is AFFIRMED.

Jimenez argues that the district court plainly erred in its oral pronouncement of sentence because the court ordered the three-year term of supervised release imposed on count six in connection with his conviction for use of a firearm during the commission of a drug-trafficking offense to be served consecutively to the terms of supervised release imposed on the other counts of conviction. Jimenez notes that the written judgment provides that all terms of supervised release are to run concurrently, and that a discrepancy between oral

and written judgment is resolved in favor of the oral pronouncement. The Government concedes error but asserts that the error is in the written judgment rather than the oral pronouncement.

Even though Jimenez did not object in the district court, he alleges that his sentence is illegal which would constitute plain error; therefore, the issue is reviewed de novo. *See United States v. Vera*, 542 F.3d 457, 459 (5th Cir. 2008). Where a conflict exists between an oral pronouncement and a written sentence, that conflict is resolved in favor of the oral sentence. *United States v. Mireles*, 471 F.3d 551, 557-58 (5th Cir. 2006). Under 18 U.S.C. § 3624(e), a prisoner's supervised release term must run concurrently to any other supervised release term to which he is subject. *United States v. Hernandez-Guevara*, 162 F.3d 863, 877 (5th Cir. 1998). Thus, the district court plainly erred in imposing Jimenez's three-year term of supervised release on count six by ordering it to run consecutively to the other term of supervised release. *See id.*

The record indicates that the district court would likely impose the same term of supervised release on count six and order it to run concurrently to all other terms. In the written order, issued after the oral pronouncement of sentence, the district court provided that all of the terms of supervised release should run concurrently, suggesting that the district court realized the error. Because the district court would most likely impose the same term of supervised release on remand, the term of supervised release on count six is hereby MODIFIED to a term of three years to run concurrently to all other terms of supervised release, and the judgment of the district court as to Jimenez is AFFIRMED AS MODIFIED. *See Hernandez-Guevara,* 162 F.3d at 877. Jimenez's motions for clarification of missing exhibits and to relieve counsel are DENIED.