RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 11a0129p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

UNITED STATES OF AMERICA,
     *Plaintiff-Appellee,*

    *v.*

ROBERT LAVERNE BROWN,
     *Defendant-Appellant.*

Nos. 10-1410; 10-1411

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
Nos. 06-00037-001; 99-00125-001—Paul Lewis Maloney, Chief District Judge.

Decided and Filed: May 17, 2011

Before: DAUGHTREY, MOORE, and CLAY, Circuit Judges.

_____

## COUNSEL

_____

**ON BRIEF:** Paul L. Nelson, FEDERAL PUBLIC DEFENDER'S OFFICE, Grand Rapids, Michigan, for Appellant. Hagen W. Frank, ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee.

_____

## OPINION

_____

MARTHA CRAIG DAUGHTREY, Circuit Judge. Following defendant Robert Brown's admission that he violated the terms of his supervised release, the district court revoked that release, sentenced Brown to additional incarceration, and ordered that the defendant be placed on another 36 months of supervised release at the expiration of the new prison sentence. Brown now appeals the judgment, alleging that the district court improperly calculated the length of his supervised release and that the period of incarceration was unreasonably long. Because Brown has completed his prison sentence

1

and has been released from incarceration, his challenge to that portion of the district court's sentencing order is moot. However, the length of Brown's supervised release is still at issue on appeal, and because the term was miscalculated, that portion of the district court's judgment must be vacated and the case remanded to permit resentencing.

## FACTUAL AND PROCEDURAL BACKGROUND

In August 1999, a federal grand jury indicted Brown for the armed robbery of a federally-insured bank in Battle Creek, Michigan. The defendant pleaded guilty to the charge and received a 78-month prison sentence and a five-year term of supervised release. On November 15, 2006, while still serving part of his sentence of incarceration at a halfway house, Brown walked away from that facility and was subsequently charged with escape. He also pleaded guilty to that federal offense and received an additional sentence of 46 months in prison, to be served consecutively with his armed-bank-robbery sentence. The district court also imposed another supervised-release term of three years, to run concurrently with the previously-imposed five-year term of supervised release.

In late 2009, Brown left the prison system and began serving the five-year supervised-release sentence. Less than three months later, however, the defendant's probation officer filed petitions in both the 1999 robbery case and the 2006 escape case seeking revocation of the supervised release. In those substantively identical petitions, the probation officer alleged that Brown violated three conditions of his supervised release in each of the two criminal cases.

The district court held a hearing on the revocation petitions, at which time the defendant admitted two of the three violations charged in the petitions but denied his guilt of the third violation. Based on Brown's admission and after "consider[ing] all of the factors," the district court revoked Brown's supervised release in both cases, sentenced the defendant, in the robbery case, to seven months in prison "with no term of supervised release to follow" and, in the escape case, to a consecutive eight-month prison term with three years of supervised release. The probation officer, the prosecutor, and the defendant's counsel all suggested to the district court that the supervised-release term imposed upon revocation of a prior supervised-release sentence must, by statute,

be reduced by the length of time that a defendant is sentenced to confinement. Based on that advice, Brown should have been sentenced to only 28 months of supervised release, rather than 36 months. Following the district court's refusal to agree to a reduction, the defendant filed this appeal challenging both the length of the term of supervised release and the length of the term of incarceration imposed by the district court. As noted, Brown's challenge to the length of the sentence is no longer before us.

### DISCUSSION

"When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment." 18 U.S.C. § 3583(h). In this case, when sentencing Brown for violating his supervised release from his armed-bank-robbery imprisonment, the district court imposed a seven-month period of incarceration, but chose not to impose any additional term of supervised release. In sentencing the defendant for violating his supervised release in the escape case, however, the court not only imposed a consecutive eight-month term of incarceration, but ordered Brown to be placed on three years of supervised release as well.

As highlighted by counsel and by the probation officer at the revocation hearing, section 3583(h) explicitly provides that "[t]he length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, *less any term of imprisonment that was imposed upon revocation of supervised release*." 18 U.S.C. § 3583(h) (emphasis added). The federal crime of escape provides for possible incarceration of up to five years, *see* 18 U.S.C. § 751(a), thus making the crime a Class D felony. *See* 18 U.S.C. § 3559(a)(4) (designating as a Class D felony any offense with a maximum term of imprisonment "less than ten years but five or more years"). Because a sentencing court may impose up to a three-year term of supervised release upon a Class D felon, *see* 18 U.S.C. § 3583(b)(2), the district court was authorized to *begin* its supervised-release calculations with a maximum 36-month term. The district court also ordered incarceration of eight months in the escape case, however. Consequently, Brown insists

that the language of section 3583(h) required the court then to deduct those eight months from the 36 months of supervised release, leaving a maximum, permissible supervised-release sentence of 28 months.

At the revocation hearing, the district court recognized that decisions from the Fifth Circuit and from the Ninth Circuit Courts of Appeals adopted a similar view of the dictates of section 3583(h). *See United States v. Vera*, 542 F.3d 457, 459-62 (5th Cir. 2008); *United States v. Knight*, 580 F.3d 933, 938-40 (9th Cir. 2009). But, relying upon the fact that no Sixth Circuit case had yet addressed the issue, the court chose to ignore that authority and ordered that Brown serve the full 36 months of supervised release upon completion of his prison sentence.

"A matter requiring statutory interpretation is a question of law requiring de novo review, and the starting point for interpretation is the language of the statute itself." *United States v. Batti*, 631 F.3d 371, 375 (6th Cir. 2011) (quoting *United States v. Shafer*, 573 F.3d 267, 272 (6th Cir. 2009), *cert. denied*, 130 S.Ct. 1542 (2010) (quotation marks omitted)). Despite the district court's ruling to the contrary, a plain reading of the statutory language at issue here clearly mandates reducing the length of any term of supervised release by "any term of imprisonment that was imposed upon revocation of supervised release."

In *Vera* and *Knight*, our sister circuits appeared to take such an interpretation for granted. Indeed, in each case, the court presumed that any period of incarceration imposed after the revocation of supervised release would be deducted from a newly-imposed period of supervised release. Instead, the issue with which both the Fifth and Ninth Circuits struggled in those cases was whether "the maximum allowable supervised release term following *multiple* revocations must be reduced by the *aggregate* length of any terms of imprisonment that have been imposed upon revocation." *Vera*, 542 F.3d at 460 (emphasis added). *See also Knight*, 580 F.3d at 938 (issue before the court was whether "the maximum term of *supervised release* that can be imposed on a defendant following multiple revocations of his supervised release must be reduced by the aggregate length of any and all terms of imprisonment imposed upon revocation of

supervised release"). In each case, the court answered the question before it in the affirmative without ever questioning that at least the term of imprisonment imposed upon the revocation then being ordered should be deducted from any supervised release period to which the defendant would be sentenced.

Opposing the defendants' aggregation arguments in the Fifth and Ninth Circuits, even the government did not espouse the position to which the district court in this case adheres. For example, in *Vera* "[t]he Government argue[d] that 'any term of imprisonment that was imposed upon revocation of supervised release' [,quoting the relevant language found in 18 U.S.C. § 3583(h),] refers only to the term of imprisonment imposed on the current revocation, and nothing more." *Vera*, 542 F.3d at 460. In our judgment, to conclude that the contested language of section 3583(h) does not mandate subtracting the length of any newly-imposed period of incarceration from a term of supervised release requires a disregard of the plain language of the statute. Even without prior Sixth Circuit precedent on this question of statutory interpretation, neither this court nor the district court is permitted to so ignore the clear import of Congress's directive.

## CONCLUSION

For the reasons set out above, we VACATE the defendant's supervised-release sentence and REMAND this matter to the district court for resentencing.