PER CURIAM: *
On September 15, 2004, Defendant Gregory Polydore pleaded guilty to conspiracy to defraud the United States (wire fraud!. in violation of 18 U.S.C. § 371. *497 Polydore was sentenced to 15 months imprisonment, a $3,000 fine, $75,643 in restitution and three years of supervised release. Polydore completed his term of imprisonment and began serving his term of supervised release on September 6, 2006.
In June 2008, Polydore’s supervised release was revoked and he was sentenced, inter alia, to one day of imprisonment and 30 months of supervised release, the first six months of which were to be served in home detention with electronic monitoring.
In January 2010, Polydore’s supervised release was revoked a second time following his failure to adhere to certain conditions of the supervised release imposed following his first revocation. This second revocation is the subject of Polydore’s instant appeal. At his second revocation hearing, Polydore was sentenced to six months imprisonment and 29 months of supervised release. On July 30, 2010, Po-lydore was released from prison, but his case is not moot because he is still serving his 29-month term of supervised release. United States v. Lares-Meraz, 452 F.3d 352, 355 (5th Cir.2006).
Polydore challenges the 29-month supervised release term imposed as part of his current revocation sentence, contending that the district court erred by failing to give him credit for the six-month term of home detention imposed as part of his first revocation sentence when calculating the maximum term of supervised release that may be imposed as part of his second revocation sentence. Under 18 U.S.C. § 3583(h), following the revocation of supervised release and the imposition of a term of imprisonment, a district court may require the defendant to serve an additional term of supervised release. 18 U.S.C. § 3583(h).[1] However, this additional term of supervised release may not exceed the maximum term of supervised release for the original offense less any term of imprisonment imposed on revocation. Id. A term of imprisonment that was imposed following a prior revocation also must be deducted from the maximum term of supervised release. United States v. Vera, 542 F.3d 457, 462 (5th Cir.2008).
This court reviews de novo whether a defendant received a sentence in excess of the statutory maximum. Vera, 542 F.3d at 459; United States v. Ferguson, 369 F.3d 847, 849 (5th Cir.2004) (“[W]e review de novo a sentence that allegedly exceeds the statutory maximum term”). A sentence that exceeds the statutory maximum is an illegal sentence and, we held in Vera, constituted plain error. 542 F.3d at 459.
In Vera, we held that “under 3583(h) the maximum allowable supervised release following multiple revocations must be reduced by the aggregate length of any terms of imprisonment that have been imposed upon revocation.” Id. at 462 (internal quotation marks omitted). Thus, any terms of imprisonment imposed in Poly-dore’s first and second revocation must be aggregated and subtracted from the maximum allowable term of supervised release.
Polydore’s underlying offense carried a maximum statutory penalty of five years of *498 imprisonment, which makes it a Class D felony. 18 U.S.C. § 371; 18 U.S.C. § 3559(a)(4). The maximum term of supervised release for a Class D felony is 36 months. See 18 U.S.C. § 3583(b)(2). Following the instant revocation, Polydore was sentenced to six months imprisonment and 29 months supervised release. He previously was sentenced to one day imprisonment following the June 2008 revocation of his supervised release. The government contends that the district court correctly applied the statute and our case-law holding that only the sum of these two prior terms of imprisonment are subtracted from the 36-month maximum term of supervised release, leaving 29 months and 29 days as the maximum available term of supervised release. Thus, the imposition of a 29-month term of supervised release following the instant revocation would not be erroneous. We agree.
The issue before us is whether the first six months, served on home detention, of the 30-month term of supervised release that Polydore was sentenced to at his June 2008 revocation judgment, must be considered a term of imprisonment for the purposes of § 3583(h). If we accept Poly-dore’s argument that the six months of home detention is a term of imprisonment for the purposes of calculating the maximum authorized term of supervised release, then the previously imposed one day term of imprisonment and the six-month term of home detention would be added to the six-month term of imprisonment imposed at his second revocation and would all be deducted from the 36-month maximum term of supervised release, leaving a maximum available term of supervised release of only 23 months and 29 days.
In United States v. Ferguson, we held that, following the revocation of supervised release, a court may not impose a term of incarceration and a term of home detention during supervised release that, when added together, would exceed the allowable maximum term of incarceration. 369 F.3d at 851-52. Following the revocation of his supervised release, the district court sentenced Ferguson to 23 months of imprisonment and imposed a term of 13 months of supervised release, the first six months of which were to be served on home detention. Id. at 848-49. Ferguson argued that the combination of the 23-month terms of imprisonment plus the six-month term of home detention exceeded the applicable statutory maximum term of 24 months of imprisonment. Id. at 850. Citing § 3563(b)(19), we noted that home detention is a condition of supervised release that a court may impose only as an alternative to incarceration. Id. at 849-51; see 18 U.S.C. § 3563(b)(19).[2]
*499 Our court in Ferguson, however, did not address the precise question raised by the instant case: whether a previously imposed term of home detention is a term of imprisonment for purposes of determining the maximum term of supervised release that may be imposed following a subsequent revocation. Ferguson held that home detention may be credited against the maximum term of imprisonment that may be imposed following the revocation of supervised release. Ferguson, 369 F.3d at 849-52. We decline Polydore’s invitation to expand Ferguson to hold that home detention is a term of imprisonment for the purposes of calculating the maximum term of supervised release that may be imposed upon revocation. Plain meaning analysis, the same analysis we used in Ferguson, requires this conclusion. See id. at 851-52.
The statutory language of § 3583(h) does not include home detention in the calculation for maximum supervisory release that may be imposed upon revocation. Instead, § 3583(h) imposes the following limits on supervised release: “The length of ... supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.” 18 U.S.C. § 3583(h) (emphasis added). “Where Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent.” United States v. Smith, 499 U.S. 160, 167, 111 S.Ct. 1180, 113 L.Ed.2d 134 (1991) (internal quotation marks and citations omitted). The language of § 3583(h) makes no mention of home detention as a factor in the equation to determine the maximum term of supervised release that may be imposed upon a defendant. Moreover, Polydore has not argued that there is any contrary legislative intent. The Second Circuit has held that the language of § 3583(h) “plainly indicates that courts are only required to credit time spent in prison.” United States v. Pettus, 303 F.3d 480, 484-85 (2d Cir.2002) (holding that, for the purposes of § 3583(h), a defendant is not entitled to a credit against his reimposed term of supervised release for any time he previously spent on supervised release).
Polydore argues that any term of home detention imposed under 18 U.S.C. § 3583 is considered the equivalent of a term of imprisonment because 18 U.S.C. § 3583(e)(4) states that “an order under this paragraph [ordering home detention] may be imposed only as an alternative to incarceration” and § 18 U.S.C. § 3563(b)(19) likewise provides that home detention “may be imposed only as an alternative to incarceration.” Under these two statutes, home detention is a referred to as an alternative to incarceration and, thus, home detention and imprisonment share the same time limitation.[3] However, neither statute makes the statement, nor should it be inferred, that home detention and incarceration are the same.[4]
Furthermore, though Congress made the decision to link home detention and *500 incarceration in 18 U.S.C. § 3563(b)(19) and 18 U.S.C. § 3583(e)(4), Congress made the decision to omit home detention from the formula for post-revocation supervised release in § 3583(h). When Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposefully in the disparate inclusion or exclusion. See Pettus, 303 F.3d at 485 (internal citations omitted).
Finally, Polydore’s home detention would not be considered a term of incarceration for the purposes of § 3583(h) because the terms of Polydore’s home detention were not as severe as or analogous to a term of incarceration.[5] Incarceration results in a total loss of liberty. The terms of Polydore’s home detention allowed him to be at home, albeit with restrictions and confines, yet still enjoying the comforts of that goodly home with access to family and friends. Polydore was allowed to leave his home for church, visits to the doctor, and appointments with his probation officer. Polydore’s home detention was not a term of incarceration.
For the reasons stated above, defendant Polydore’s sentence is AFFIRMED.

 Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be *497 published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

. 18 U.S.C. § 3583(h) provides:
Supervised release following revocation. — When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

. We note that two other circuits have indicated agreement with Ferguson. See United States v. Marcano, 525 F.3d 72, 73-74 (1st Cir.2008) (citing Ferguson in support of its holding of no plain error because combined term of incarceration and home detention were less than statutory maximum); United States v. Boecker, 280 F.3d 824, 826 (8th Cir.2002) (holding that the lower court "was entitled to sentence Boecker to up to 21 months in prison (not [the maximum] 24 month [under § 3583(e)(3) ] because Boecker had spent 3 months in home detention)"). However, the Third and Fourth Circuits have indicated disagreement with Ferguson. See United States v. Williams, 387 Fed.Appx. 282 (3d Cir.2010) (unpublished) (noting circuit split and declining to find plain error based on Ferguson holding); United States v. Hager, 288 F.3d 136, 137-38 (4th Cir.2002) (holding that, because home detention "is more properly viewed as a condition of supervised release” rather than a term of incarceration, home detention is not credited against the maximum term of imprisonment that may be imposed following the revocation of supervised release).
Polydore points out that the court in Hager did not attack the district court’s consideration of Hager's six months of home detention as a term of imprisonment for the purposes of imposing a maximum term of supervised re *499 lease under 18 U.S.C. § 3583(h) in his first revocation sentence. 288 F.3d at 138-39. However, the district court’s treatment of § 3583(h) was not before the court in Hager and therefore the court was not required to reach that issue. See id. at 137.

. In Ferguson, we used a plain language analysis of the term "alternative” in § 3583(e)(4) and § 3563(b)(19) to conclude that a term of incarceration and subsequent home detention imposed upon revocation of supervised release cannot exceed the allowable maximum incarceration term. 369 F.3d at 851 (noting that, "Webster's Third New International Dictionary defines 'alternative' as ‘a proposition or situation offering a choice between two things wherein if one thing is chosen the other is rejected.' ”).

. Notably in Hager, the Fourth Circuit held that home detention is not credited against the maximum term of imprisonment that may *500 be imposed following the revocation of supervised release. Defendant Hager unsuccessfully made an argument very similar to the one Polydore attempts to make here. Hager argued that because 18 U.S.C. § 3583(e)(4) states that home detention may be imposed only as an alternative to imprisonment, home detention is equivalent to prison. Hager, 288 F.3d at 137. The court disagreed and observed, “Congress’ choice of the word ‘alternative’ does not indicate that home confinement and incarceration are equivalents under the statute.... The word alternative simply does not imply that two things are the same or equivalent.’’ Id. at 137-38.

. The terms of Polydore’s home detention were as follows:
The defendant shall be placed on home detention for a period not to exceed six (6) months, to commence immediately upon the commencement of supervised release. During this time, the defendant shall remain at his place of residence except for medical reasons, two hours per week to attend church, and appointments with the U.S. Probation Officer. The defendant shall maintain a telephone at his place of residence without “call forwarding,” "a modem”, "Caller I.D.”, "call waiting”, or portable cordless telephone for the above period. At the direction of the probation officer, the defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. The defendant is to pay the cost associated with his program of electronic monitoring.