# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 22, 2013

Lyle W. Cayce
Clerk

No. 12-40459
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDUARDO GARZA, also known as Eddie Garza,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:05-CR-88-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Eduardo Garza appeals the sentence imposed following the revocation of his previously imposed term of supervised release. He argues that he was subject to a maximum revocation sentence of only 36 months, but the district court sentenced him to 48 months of imprisonment. Because Garza argues that his revocation sentence exceeds the statutory maximum and is illegal, our review is de novo. *See United States v. Vera*, 542 F.3d 457, 459 (5th Cir. 2008).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-40459

The statutory maximum revocation sentence is based on the classification of the underlying offense that resulted in the imposition of the term of supervised release. *See* 18 U.S.C. § 3583(e)(3). Unless the underlying offense of conviction specifies a particular classification, this classification is based on the "maximum term of imprisonment authorized" for that underlying offense. 18 U.S.C. § 3559(a). In the instant case, Garza was convicted for a drug conspiracy under 21 U.S.C. §§ 846 and 841(b)(1)(B), which ordinarily would carry a statutory maximum sentence of 40 years of imprisonment. However, because the Government provided notice of his earlier felony drug conviction as required by 21 U.S.C. § 851, his "maximum term of imprisonment authorized" under § 841(b)(1)(B) increased to life. Therefore, Garza's underlying offense qualified as a Class A felony, and his applicable statutory maximum revocation sentence was five years. *See* § 3559(a)(1); § 3583(e)(3). Thus, his 48-month revocation sentence is not illegal because it does not exceed the applicable five year statutory maximum.

AFFIRMED.