**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0604n.06

No. 12-4065

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DARNELL DUKES,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

**FILED**
*Jun 26, 2013*
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF OHIO

BEFORE:  GIBBONS and STRANCH, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM.  Darnell Dukes, a federal prisoner, appeals through counsel the sentence imposed on remand following the revocation of his supervised release.

In 2004, Dukes pled guilty to and was convicted of being a felon in possession of ammunition.  He was sentenced to 85 months of imprisonment and three years of supervised release. After Dukes completed his term of imprisonment and was released, his parole officer recommended that his supervised release be revoked on the grounds that Dukes had been charged with a new crime of indecent exposure and had failed to notify his parole officer of this fact.  The district court determined to take no action at that time.  Dukes was then convicted of operating a vehicle while impaired.  Based on this violation, the district court modified the supervised release to include a

---

[*]The Honorable Denise Page Hood, United States District Judge for the Eastern District of Michigan, sitting by designation.

sixty-day substance abuse program. On March 15, 2012, the district court conducted a hearing on revocation of the supervised release period based on the indecent-exposure and impaired-driving charges above, plus new charges of gambling; failing to report these events to the parole officer; testing positive for marijuana; and failing to complete the sixty-day substance abuse program. Dukes admitted only to the conviction for operating a vehicle while impaired and the positive tests for marijuana. The district court revoked supervised release and sentenced Dukes to seven months of imprisonment and two years of supervised release. On appeal, this court remanded the matter to the district court to state its reasons for imposing the sentence.

A new sentencing hearing was held on September 5, 2012. Dukes objected to being sentenced for operating a vehicle while impaired, contending that he had already been punished for that violation by being ordered into the sixty-day substance abuse program. The court therefore proceeded only on the charge of testing positive for marijuana, a Grade C violation with a sentencing range of seven to fourteen months. Dukes had already served seven months at that point. Therefore, the district court sentenced him to time served and two years of supervised release. Dukes again appeals, arguing only that his sentence is substantively unreasonable.

We review a sentence imposed on revocation of supervised release for reasonableness under an abuse-of-discretion standard. *United States v. Polihonki*, 543 F.3d 318, 322 (6th Cir. 2008). Because Dukes has already served the term of imprisonment imposed, any objection to the reasonableness of that term is moot. *See United States v. Brown*, 639 F.3d 735, 736 (6th Cir. 2011); *United States v. Sandles*, 469 F.3d 508, 518 (6th Cir. 2006). We find no abuse of discretion in the imposition of a two-year period of supervised release. Dukes was clearly not ready to be released

No.  12-4065
*United States v. Dukes*

without supervision based on his history under supervision.  Indeed, the district court's docket sheet indicates that he has since had his supervised release revoked again for committing new crimes of disorderly conduct and criminal trespass and for testing positive for marijuana.

Accordingly, we affirm the district court's judgment.