# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-20704
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 10, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELISE BELL,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CR-694-1

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Elise Bell was convicted of conspiracy to use the identification of another person with the intent to commit access device fraud in violation of 18 U.S.C. § 1028(f) (Count 1), unauthorized use of an access device and aiding and abetting in violation of 18 U.S.C. §§ 2, 1029(a) (Count 2), and conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 371, 1344 (Count 3). She was sentenced on each count to concurrent 18-month terms of imprisonment to be

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

followed by concurrent two-year terms of supervised release. Bell's term of supervision commenced in July 2013, and it was revoked in November 2013. The district court imposed a new prison term of 27 months but did not impose any additional term of supervised release.

In her sole argument, Bell asserts that the 27-month revocation sentence is illegal because it exceeds the statutorily allowable maximum sentence. Based on the Government's concession of error, Bell has filed an unopposed motion to vacate and remand for resentencing as well as to have the mandate issue forthwith.

Despite Bell's failure to raise this issue in the district court, we review it de novo. *See United States v. Vera*, 542 F.3d 457, 459 (5th Cir. 2008). Of Bell's three convictions, her conviction on Count 1 carried the stiffest sentence, *i.e.*, up to 15 years of imprisonment. *See* § 1028(a)(7), (b)(1)(D), and (f). That conviction is thus for a Class C felony. *See* 18 U.S.C. § 3559(a)(3). Upon revoking a term of supervised release on a Class C felony offense, the district court may impose a new prison term of not more than two years. 18 U.S.C. § 3583(e)(3). In light of the foregoing, the 27-month sentence imposed by the district court exceeds the statutory maximum allowable sentence of 24 months, and it is illegal. *See Vera*, 542 F.3d at 459.

Bell's unopposed motion is GRANTED. We therefore VACATE the judgment of sentence and REMAND for resentencing. The mandate shall issue forthwith.