# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 26, 2019

Lyle W. Cayce
Clerk

No. 18-20562
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RONNY EARL RHODES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-31-1

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Ronny Earl Rhodes appeals one aspect of the sentences imposed on the revocation of concurrent terms of supervised release of five years (Count One) and three years (Count Two). The revoking court sentenced him to concurrent prison terms of 36 months for each count. The written judgment, but not the oral pronouncement of the sentence, reflects that he was also sentenced to concurrent two-year terms of supervised release on each count. Rhodes

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20562

contends that the two-year term of supervised release on the Count Two revocation exceeds the maximum sentence available, and is thus illegal, because the prison sentence on the Count Two revocation was three years, leaving no time remaining for supervised release on that count. *See Johnson v. United States*, 529 U.S. 694, 705-07 (2000).

The Government concedes that this is a clear and obvious error, but it argues, without merit, for letting the error stand. The record refutes the Government's suggestion that the error was "invited" or provoked by the defense. *See United States v. Salazar*, 751 F.3d 326, 332 (5th Cir. 2014). Likewise, the argument for plain-error review fails. Because the error appeared only in the written judgment, Rhodes had no opportunity to object to this aspect of the sentence at the revocation hearing. *See United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006). More significantly, we review de novo a claim that a sentence is illegal because it exceeds the statutory maximum. *See United States v. Hampton*, 633 F.3d 334, 336 (5th Cir. 2011); *United States v. Vera*, 542 F.3d 457, 459-61 (5th Cir. 2008).

Accordingly, the conviction is AFFIRMED, but the sentence is VACATED IN PART, and the case is REMANDED for the district court to correct the written judgment to remove the two-year term of supervised release imposed on Count Two. *See Vera*, 542 F.3d at 462.