# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-31091
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 30, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CALVIN W. PENNYWELL, JR.,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:03-CR-50124-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

In 2004, Calvin W. Pennywell, Jr., pleaded guilty to possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a) and (b)(1)(B)(iii) (count one) and possession of firearms in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1) (count two). He was sentenced to 100 months of imprisonment on count one and 60 months of imprisonment on count two, to be served consecutively, and four years of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-31091

supervised release on count one and three years of supervised release on count two, to be served concurrently; his sentence on count one was later reduced to 60 months of imprisonment.  Pennywell began serving his supervised release term on November 1, 2012.  A warrant for his arrest was issued on May 16, 2016.  The district court revoked his supervised release and sentenced him to 48 months of imprisonment with no additional term of supervised release.

On appeal, Pennywell argues that the 48-month sentence imposed by the district court exceeds the statutory maximum sentence and that the district court erred in calculating the advisory guidelines range.  The Government concedes that the 48-month sentence exceeds the statutory maximum sentence.

A sentence that exceeds the statutory maximum is an illegal sentence. *United States v. Vera*, 542 F.3d 457, 459 (5th Cir. 2008).  Despite the lack of any objection in the district court, our review is de novo.  *United States v. Oswalt*, 771 F.3d 849, 850 (5th Cir. 2014); *Vera*, 542 F.3d at 459.

In imposing a revocation sentence, the district court is directed to consider the factors enumerated in 18 U.S.C. § 3553(a), including the non-binding policy statements found in Chapter 7 of the Sentencing Guidelines. *United States v. Mathena*, 23 F.3d 87, 90-93 (5th Cir. 1994).  Section 7B1.4 provides that, when, as in this case, there is a Grade A violation and a criminal history category of V: (1) if the underlying conviction is a Class A felony, the guidelines range is 46 to 57 months; and (2) if the underlying conviction is a Class B felony, the guidelines range is 30 to 37 months.  U.S.S.G. § 7B1.4(a).

At the time the arrest warrant was issued, Pennywell had completed his three-year term of supervised release for count two and was serving his four-year term of supervised release for count one.  Because count one was punishable by five to forty years of imprisonment, it was a Class B felony. *See*

18 U.S.C. § 3559(a)(2); § 841(b)(1)(B)(iii).  Upon revoking a term of supervised release imposed for a Class B felony, the district court may impose a new prison term of not more than three years.  *See* 18 U.S.C. § 3583(e)(3).  The applicable policy guidelines range was 30 to 37 months.  *See* § 7B1.4(a).  In view of the foregoing, the district court erred in calculating the advisory guidelines range and in imposing a 48-month sentence that exceeds the statutory maximum sentence of three years.  *See Vera*, 542 F.3d at 459.  We therefore VACATE the sentence and REMAND for resentencing.