# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-51171
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 26, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

JAMES LEE PLESKAC,

Defendant−Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 3:07-CR-1765-1

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

James Pleskac appeals his 30-month sentence imposed upon revocation

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-51171

of supervised release.  He maintains that it is an illegal sentence because it exceeds the statutory maximum, and he requests that this court either modify the order or vacate and remand for resentencing.  The government agrees that the sentence exceeds the statutory maximum and should be corrected.

A sentence that exceeds the statutory maximum is illegal.  *United States v. Vera*, 542 F.3d 457, 459 (5th Cir. 2008).  We review *de novo* revocation sentences that are alleged to exceed the statutory maximum notwithstanding the defendant's failure to preserve the issue for appellate review.  *United States v. Oswalt*, 771 F.3d 849, 850 (5th Cir. 2014); *see Vera*, 542 F.3d at 459.

Pleskac's underlying offense of transporting aliens for private financial gain was punishable by imprisonment of not more than 10 years, *see* 8 U.S.C. § 1324(a)(1)(A)(ii), (B)(i), which is a Class C felony, *see* 18 U.S.C. § 3559(a)(3).  The authorized imprisonment after revoking supervised release for a Class C felony is not more than two years.  18 U.S.C. § 3583(e)(3).  Section 7B1.4(b)(1) of the Sentencing Guidelines instructs that "[w]here the statutorily authorized maximum term of imprisonment . . . is less than the minimum of the applicable range, the statutorily authorized maximum term shall be substituted for the applicable range."  U.S.S.G. § 7B1.4(b)(1).

The district court nevertheless determined that the applicable policy guidelines range was 30 to 37 months and imposed a sentence within that range.  The court therefore erred in calculating the range and in imposing a sentence that exceeds the maximum.  *See United States v. Mathena*, 23 F.3d 87, 90–93 (5th Cir. 1994) (noting that in imposing a revocation sentence the court is directed to consider, *inter alia*, the nonbinding policy statements found in Chapter 7 of the Sentencing Guidelines).  Accordingly, the sentence imposed upon revocation is VACATED and REMANDED for resentencing.