# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 7, 2025

Lyle W. Cayce
Clerk

No. 23-40537
Summary Calendar

───────────────

United States of America,

*Plaintiff—Appellee*,

*versus*

Alvaro Resendiz-Villa,

*Defendant—Appellant*.

───────────────────────────────────

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:21-CR-146-1

───────────────────────────────────

Before Wiener, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellant Alvaro Resendiz-Villa pleaded guilty to conspiracy to transport aliens within the United States and to illegal reentry. The district court sentenced him to 120 months in prison for the offense of conspiracy to transport aliens and to a consecutive sentence of 24 months in prison for the illegal reentry offense. The district court also imposed three-

───────────────────────────────

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-40537

year terms of supervised release as to each count of conviction and ordered the terms to run concurrently. Resendiz-Villa appeals his sentence.

Resendiz-Villa maintains that the term of supervised release imposed for his conviction for illegal reentry exceeds the one-year statutory maximum term authorized for that offense. The government agrees that the challenged term of supervised release exceeds the permissible statutory maximum.

The offense of illegal reentry under 8 U.S.C. § 1326(a) has a maximum prison term of two years and is therefore a Class E felony. *See* 8 U.S.C. § 1326(a); 18 U.S.C. § 3559(a)(5). The maximum term of supervised release that may be imposed for a Class E felony is one year. 18 U.S.C. § 3583(b)(3). The three-year term of supervised release imposed on the conviction for illegal reentry exceeds the applicable statutory maximum and thus is an illegal sentence that constitutes plain error. *See United States v. Vera*, 542 F.3d 457, 459 (5th Cir. 2008).

Accordingly, the sentence is VACATED as to the term of supervised release for the illegal reentry conviction, and this matter is REMANDED for resentencing on the term of supervised release imposed for that offense. *See id.*