# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 25-40058
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
August 29, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Davon Carson,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:21-CR-174-1

———————————————————————

Before Wiener, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

The district court revoked Defendant-Appellant Davon Carson's supervised release and sentenced him to eighteen months of imprisonment and two years of supervised release. On appeal, Carson contends that the district court erred by imposing a supervised release term that exceeds the statutory maximum. The Government agrees.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-40058

We review de novo. *See United States v. Oswalt*, 771 F.3d 849, 850 (5th Cir. 2014). The formula for calculating the maximum term of supervised release to be imposed on revocation is set forth in 18 U.S.C. § 3583(h). *See United States v. Vera*, 542 F.3d 457, 459 (5th Cir. 2008). Section 3583(h) provides that "[t]he length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." 18 U.S.C. § 3583(h).

Carson's original offense—conspiracy to transport an illegal alien—carried a maximum term of imprisonment of ten years. *See* 8 U.S.C. § 1324(a)(1)(B)(i). The offense therefore constituted a Class C felony, 18 U.S.C. § 3559(a)(3), yielding a statutory maximum term of three years supervised release. 18 U.S.C. § 3583(b)(2). Because the district court sentenced Carson to eighteen months of imprisonment on revocation, eighteen months was the maximum term of supervised release that could be imposed. *See id.* § 3583(h). The district court thus exceeded that statutory maximum by sentencing Carson to twenty-four months of supervised release. Therefore, we VACATE the judgment as to the sentence and REMAND for resentencing consistent with this opinion. *See Vera*, 542 F.3d at 462.